1  EDGART F. GONZALEZ
   2500 E Imperial Hwy #201-144
   Brea, CA 92821
2  (310) 691-2314

3  EDGART F. GONZALEZ, In Pro Per

FILED

JAN 21 2009

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**
**Central District of California**
**Los Angeles Division**

| | |
|---|---|
| In Re:<br>GONZALEZ, Edgart F., In Proper<br>Plaintiff.<br>[vs.]<br>HSBC BANK USA NATIONAL ASSOCIATION<br>AS TRUSTEE FOR HOME EQUITY LOAN<br>TRUST SERIES ACE 2005-HE7, WELLS<br>FARGO HOME MORTGAGE A DIVISION OF<br>WELLS FARGO BANK N.A. DBA AMERICA'S<br>SERVICING COMPANY, AURORA LOAN<br>SERVICES LLC, EMC MORTGAGE<br>CORPORATION, HOME CAPITAL FUNDING,<br>U. S. BANK NATIONAL ASSOCIATION AS<br>TRUSTEE, HOMECOMINGS FINANCIAL LLC<br>F/K/A HOMECOMINGS FINANCIAL NETWORK<br>INC., MANDALAY MORTGAGE LLC,<br>NATIONAL CITY BANK, NATIONAL CITY,<br>FIRST AMERICAN TITLE INSURANCE<br>COMPANY - FIRST AMERICAN LOANSTAR<br>TRUSTEE SERVICES, QUALITY LOAN<br>SERVICE CORP, ETS SERVICES LLC,<br>RSVP, MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS INC.<br>Defendants. | ) Chapter 7<br>) Case No.: 2:08-bk-16921-ER<br>) Adversary proceeding number:<br>) 2:08-ap-01756-ER<br>)<br>) **FIRST AMENDED VERIFIED COMPLAINT**<br>) **OBJECTING TO SECURED CLAIMS**<br>)<br>) HONORABLE JUDGE ERNEST ROBLES<br>)<br>) HEARING DATE: Jan/21/09<br>) TIME:10:00 AM<br>) COURT ROOM:1568<br>) FLOOR: 15<br>)<br>) PLACE: 255 EAST TEMPLE ST<br>) LOS ANGELES CALIFORNIA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff EDGART F. GONZALEZ hereby amends his complaint as follows:

1

## VERIFIED COMPLAINT OBJECTING TO SECURED CLAIMS

### Introduction

1. This adversary proceeding is brought by the plaintiff debtor pursuant to 11 U.S.C. §502 to object to the allowed secured claims of defendants Mandalay Mortgage, LLC. ("MANDALAY"), Home Capital Funding ("HCF"), Home Comings Financial Network Inc. ("HMCMF"), NATIONAL CITY BANK who now shows its name as NATIONAL CITY ("NATIONAL"), collectively named "ORIGINAL LENDERS" and their alleged nominees or assignees or successors HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR HOME EQUITY LOAN TRUST SERIES ACE 2005-HE7 ("HSBC"), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. ("MERS") SOLELY AS NOMINEE FOR EMC MORTGAGE CORPORATION ("EMC"), AURORA LOAN SERVICES LLC ("AURORA") AS AGENT OF SERVICE FOR MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. ("MERS") SOLELY AS NOMENEE FOR HMCMF , U. S. BANK NATIONAL ASSOCIATION AS TRUSTEE ("US-BANK"), NATIONAL CITY ("NATIONAL") as an alleged different and separated entity from NATIONAL CITY BANK herein after collectively named ("SUCCESORS"), on the basis that the original lenders Mandalay, HCF, HMCMF, NATIONAL CITY BANK as well as the new alleged nominees or assignees or successors HSBC, EMC AND/OR MERS, AURORA AND/OR MERS, US-BANK and NATIONAL as well as their corresponding Trustees: FIRST AMERICAN TITLE INSURANCE COMPANY - FIRST AMERICAN LOANSTAR  TRUSTEE SERVICES Trustee for HSBC, QUALITY LOAN SERVICE CORP Trustee for EMC and/or MERS, ETS SERVICES LLC Trustee for Aurora and/or MERS and/or HMCMF hereinafter Collectively referred as ("THE TRUSTEES")  and their AGENTS as the AUCTIONER RSVP , based on information and believe Plaintiff alleges all successors have not been assigned any interest in the subject properties and never been an owner in the subject properties,

1   all defendants were in lack of standing  and more likely as of today all are

2   still in Lack of Standing and/or Lack of subject Matter Jurisdiction derived

3   from the article III of the Constitution of the United Sates of America, **all**

4   **defendants have had no legal Authority to proceed act and move this Court in**

5   **the Relief from the Automatic Stay and/or the Proceedings to Foreclose, to**

6   **exercise the Trustee Sale and/or to Proceed to act or move the State Court to**

7   **Evict, for the Frauds against this Court, against the Plaintiff and by the**

8   **Lack of Standing and/or Lack of Subject Matter Jurisdiction of themselves as**

9   **Trustees together with their alleged represented entities as Servicing Agents**

10  **or Agents in General, Nominees or Successors or Assignees, based on the**

11  grounds of the Frauds Committed against this Court, the Plaintiff and by the

12  Timely Contracts Rescissions, the Proper and Timely Objections to the Notices

13  of Trustee Sales properly and timely Objected and Advised the Trustees of the

14  Illegality of their acts as well as the acts of their Agents and Represented

15  ones , such acts as the Beginning of Foreclosure Proceedings, the Trustee

16  Sale(s) which shall not be completed, if the Sale(s) as held are contrary to

17  or in Violation of any Federal and/or California State Statute In Effect. The

18  security interest held by Original Lenders Mandalay, HCF, HMCMF and NATIONAL

19  CITY BANK and their **alleged Nominees or Successors or Assignees** HSBC, EMC

20  and/or MERS, Aurora and/or MERS, US-Bank and National, **have been properly**

21  **rescinded pursuant to §1635 of the Truth-in-Lending Act ("TILA") 15 U.S.C.**

22  **§1601 et seq.,** the Federal Reserve Board Regulation Z, 12 C.F.R. 226

23  promulgated pursuant thereto, the *Real Estate Settlement Procedures Act*

24  *("RESPA") 12 USC § 2601 et. seq.,* the Contract Violations pursuant to the

25  California Civil Code §1549 et seq., On these, further and pending Alleged

1 | **Violations Typified on Federal and State Laws as the Truth-In-Lending Act,**

2 | **_Real Estate Settlement Procedures Act,_ Securities and Exchange Laws, Usury**

3 | **Laws, Deceptive Business Practices and the Administrative Standards for the**

4 | **Practice of Professions and further Related Federal and State Laws.** The

5 | Plaintiff Edgart F. Gonzalez seeks injunctive relief and damages to enforce

6 | the Rescission of Contracts, Promissory Notes and Deeds of Trust held by

7 | defendants Original Lenders MANDALAY, HCF, HMCMF and NATIONAL CITY BANK or

8 | their alleged Nominees or Assignees or Successors HSBC, EMC and/or MERS,

9 | Aurora and/or MERS, US-Bank and NATIONAL and/or their Trustees FIRST AMERICAN

10 | TITLE INSURANCE COMPANY - FIRST AMERICAN LOANSTAR  TRUSTEE SERVICES Trustee

11 | for HSBC, QUALITY LOAN SERVICE CORP Trustee for EMC and/or MERS, ETS SERVICES

12 | LLC Trustee for Aurora and/or MERS and/or HMCMF the Trustees.

13 |     The Plaintiff herein seeks a preliminary injunction to restrain

14 | Original Lenders MANDALAY, HCF, HMCMF and NATIONAL CITY BANK and their

15 | alleged nominees or assignees or successors HSBC, EMC, AURORA, MERS, US-Bank

16 | and National as well as their corresponding Trustees FIRST AMERICAN TITLE

17 | INSURANCE COMPANY - FIRST AMERICAN LOANSTAR  TRUSTEE SERVICES Trustee for

18 | HSBC, QUALITY LOAN SERVICE CORP Trustee for EMC and/or MERS, ETS SERVICES LLC

19 | Trustee for Aurora and/or MERS and/or HMCMF for their Fraud, Lack Of Standing

20 | and/or Lack Of Subject Matter Jurisdiction, the timely objection of their

21 | Foreclosure Proceedings, the timely Objection of their Trustee Sale(s) and

22 | Evictions for Refusing to Honor plaintiff's valid Rescission of the LOAN

23 | TRANSACTIONS and by that Unlawful Refusal preventing loans to be Refinanced

24 | by Countrywide Company which would Lower his Interest Rates by approximately

25 | Three percent, from the Eight and Eleven percent averages charged, to the

1  Five to Eight percent offered by Countrywide and Available on the Market at

2  the Rescission Time.  Plaintiff also seeks a **Determination on the Merits**

3  that:

4     •He has properly and timely objected to the Notices of Trustee Sale and

5  has advised The Trustees FIRST AMERICAN TITLE INSURANCE COMPANY - FIRST

6  AMERICAN LOANSTAR  TRUSTEE SERVICES Trustee for HSBC, QUALITY LOAN SERVICE

7  CORP Trustee for EMC and/or MERS, ETS SERVICES LLC Trustee for Aurora and/or

8  MERS and/or HMCMF, all trustees advised of the illegality of their acts and

9  actions, communication provided with the Rescission Letters mailed to them on

10  or around May 14 and on or around May 16 of 2008, the Trustee Sale Objection

11  Letters timely provided to all the trustees by Certified Mail on or around

12  August/20/2008 to QUALITY LOAN SERVICE CORP. Trustee for EMC and/or MERS, and

13  to ETS SERVICES LLC Trustee for Aurora and/or MERS and/or HMCMF (see EXHIBIT

14  F), and  personally delivered to HSBC's and/or FIRST AMERICAN TITLE INSURANCE

15  COMPANY - FIRST AMERICAN LOANSTAR  TRUSTEE SERVICES Trustee's Agent(s) RSVP

16  AUCTIONER represented by MR KYLEE SPEERS on August 20 2008 at 9:00 AM prior

17  to the trustee sale of the Greenbriar Property after the personal request by

18  Plaintiff to continue the Trustee Sale by one day to August/21/2008, request

19  denied after a phone call to inform his superiors on the line of "Authority"

20  about the letter provided by Plaintiff and the one day continuation request,

21  where further around 10:30 after auctioning two other properties and made a

22  second phone call to receive instructions from his line of "Authority" again,

23  Mr. Kylee Speers informed to plaintiff of their illegal decision to

24  unlawfully execute the trustee sale that same day, which with none existent

25  bidders was self assigned to HSBC, plaintiff also response to declaration

1  regarding non monetary status of any defendant, mainly FIRST AMERICAN

2  LOANSTAR TRUSTEE and RSVP, debtor as owner of the property, his claims

3  against them includes claims in addition to the facts that they acted only as

4  the foreclosure trustee, are based on the facts set for in this complain and

5  the allegations they are responsible for their misconduct in proceeding to

6  the trustee sale after the loans were properly rescinded and they had no

7  tights to proceed.

8     •Plaintiff is and has been properly Defending and By Way of Recoupment

9  under State and Federal Law as the Truth-In-Lending Act and Related Law,

10 Against Foreclosure and Foreclosure Proceedings from defendants ORIGINAL

11 LENDERS AND SUCCESORS HSBC, EMC and MERS, Aurora and MERS, HMCMF and THE

12 TRUSTEES FIRST AMERICAN TITLE INSURANCE COMPANY - FIRST AMERICAN LOANSTAR

13 TRUSTEE SERVICES Trustee for HSBC, QUALITY LOAN SERVICE CORP Trustee for EMC

14 and/or MERS, ETS SERVICES LLC Trustee for Aurora and MERS and/or HMCMF,

15 against the Greenbriar, Terra and Wave properties, therefore **Plaintiff**

16 **Respectfully Request to this Court the Foreclosure as well as the Foreclosure**

17 **proceedings, the Sale(s) and/or the Eviction(s) proceedings to be Set Aside,**

18 **Canceled or Stayed.**

19    •Plaintiff has properly Rescinded the Contracts, Promissory Notes and

20 Deeds of trust held by Original Lenders Mandalay, HCF, HMCMF and NATIONAL

21 CITY BANK or their alleged Nominees or Assignees or Successors HSBC, EMC or

22 MERS, Aurora o MERS, US-Bank and National and/or their trustees FIRST

23 AMERICAN TITLE INSURANCE COMPANY - FIRST AMERICAN LOANSTAR  TRUSTEE SERVICES

24 Trustee for HSBC, QUALITY LOAN SERVICE CORP Trustee for EMC and/or MERS, ETS

25 SERVICES LLC Trustee for Aurora and/or MERS and/or HMCMF. Now plaintiff

1 respectfully request to the court the confirmation of the **Not Valid Secured**

2 **or Unsecured Claims hold by defendants** against the Greenbriar, Terra or Wave

3 Properties.

4      •Plaintiff alleges that Original Lenders Mandalay, HCF, HMCMF and NATIONAL

5 CITY BANK as well as their alleged nominees or assignees or successors HSBC,

6 EMC or MERS, Aurora or MERS, US-Bank, National and their corresponding

7 trustees FIRST AMERICAN TITLE INSURANCE COMPANY - FIRST AMERICAN LOANSTAR

8 TRUSTEE SERVICES Trustee for HSBC, QUALITY LOAN SERVICE CORP Trustee for EMC

9 and/or MERS, ETS SERVICES LLC Trustee for Aurora and/or MERS and/or HMCMF by

10 they refusals to honor plaintiff's valid Loans Contract Rescissions in

11 accordance with The Truth In Lending Act and the State and Federal Law

12 Related for their Fraudulent Loan Documents Provided to Plaintiff and his

13 wife and Fraudulent signatures Obtained from Plaintiff and their Fraudulent

14 Proceedings against this court, the Plaintiff and his Wife Alma Samano, also

15 by their Lack of Standing and/or Lack of Subject Matter Jurisdiction in

16 Addition Homeowner sent his rescission to the Defendants, Under the statutory

17 scheme, the Deed of Trust was automatically void within 20 days, TILA strips

18 the interest and other charges from the loan when rescission occurs. §

19 1635(b); Regulation Z, Official Staff Commentary, § 226.23(d)(2)- 1. This

20 means that the Plaintiff cannot collect any interest. It cannot also collect

21 any closing costs, broker's fee and points. In addition, the consumer is

22 entitled to a credit for the amounts paid. The principal amount of the loan,

23 including the illegal points, is less than the amount paid by the Debtor. The

24 Deed of Trust is void and unenforceable. Once that TILA eliminates any

25 alleged indebtedness to the ORIGINAL LENDERS Mandalay, HCF, HMCMF and

1  NATIONAL CITY BANK likewise to their alleged nominees, assignees or

2  successors HSBC, EMC and/or MERS, Aurora and/or MERS, US-Bank, National and

3  to THE TRUSTEES FIRST AMERICAN TITLE INSURANCE COMPANY - FIRST AMERICAN

4  LOANSTAR TRUSTEE SERVICES Trustee for HSBC, QUALITY LOAN SERVICE CORP Trustee

5  for EMC and/or MERS, ETS SERVICES LLC Trustee for Aurora and/or MERS and/or

6  HMCMF; and further

7     •By the same legal root effects from the previous paragraph The Original

8  Lenders Mandalay, HCF, HMCMF and NATIONAL CITY BANK as well as their alleged

9  Nominees or Assignees or Successors HSBC, EMC and/or MERS, Aurora and/or

10 MERS, US-Bank, National and their trustees FIRST AMERICAN TITLE INSURANCE

11 COMPANY - FIRST AMERICAN LOANSTAR  TRUSTEE SERVICES Trustee for HSBC, QUALITY

12 LOAN SERVICE CORP Trustee for EMC and/or MERS, ETS SERVICES LLC Trustee for

13 Aurora and/or MERS and/or HMCMF **are required to return plaintiff all monies**

14 **he has paid in connection with the loan transactions** which is one of the main

15 subjects of this lawsuit in addition to the Loan Contract Rescissions.

16    In addition, the plaintiff seeks damages (see EXHIBIT D), costs, and

17 attorney's fees for Failures from Mandalay, HCF, HMCMF and NATIONAL CITY BANK

18 and their alleged successors and/or assignees HSBC, EMC and/or MERS, and

19 Aurora and/or MERS, US-Bank, National and their corresponding Trustees FIRST

20 AMERICAN TITLE INSURANCE COMPANY - FIRST AMERICAN LOANSTAR  TRUSTEE SERVICES

21 Trustee for HSBC, QUALITY LOAN SERVICE CORP Trustee for EMC and/or MERS, ETS

22 SERVICES LLC Trustee for Aurora and/or MERS and/or HMCMF and their AGENTS for

23 Failures to Honor his Valid Rescission Notices in conformity with the

24 requirements of TILA and for their Frauds and Fraudulent Proceedings against

25 Plaintiff and his Wife typified on State and Federal Law.  The plaintiff also

1  asserts additional pendent claims pursuant to Federal and State Laws as the

2  Truth-In-Lending Act, Real Estate Settlement Procedures Act, Securities and

3  Exchange Laws, Usury Laws, Deceptive Business Practices and the

4  Administrative Standards for the Practice of Professions and further Related

5  Laws, therefore the Loan Transactions as well as the Foreclosure Actions and

6  Proceedings, are either voidable and/or void and/or both.

7  http://ssrn.com/abstract=1027961

8  SSRN-id1027961 Misbehavior and Mistake in Bankruptcy Mortgage Claims,

9  Katherine M. Porter, College of Law University of Iowa;

10

11                          **Jurisdiction**

12      2. Jurisdiction of the Bankruptcy Court in this matter is provided by 28

13  U.S.C. §§1334 and 157, as amended.  This is a core proceeding.

14

15                              **Parties**

16      3. The Plaintiff, Edgart F Gonzalez, is a natural person who resides at

17  1605 East Greenbriar Lane, Brea, California.  Mr. Gonzalez has occupied this

18  home and the rest of his properties alternatively with his family of four,

19  for four to seven years as owner occupied properties.  Mr. Homeowner is a

20  debtor in this Court, having filed a petition pursuant to Chapter 7 of the

21  Bankruptcy Code on May 20, 2008, and Mr. Gonzalez has standing on this action

22  a) Under his homestead claims in debtors bankruptcy filing which reduces the

23  state by such amount in consequence the interest remaining on the state is

24  not 100%, which at the same time such homestead amount entitles and provides

25  standing to debtor to sue and pursue his claims, where debtor has some

26  interest remaining in the properties, which is allowed by TILA. B) standing

1   is also claimed by debtor as a defense against foreclosure proceeding by way

2   of recoupment [emphasis added], standing is based on the doctrine of

3   recoupment and setoff , "Where the lender right to sue on the note and Deed

4   of trust and the borrowers right to rescind base on disclosures made at

5   consummation of the loan, arise out of the same transaction; or where

6   rescission claims arise out of the loan transaction, on which the lender is

7   seeking to foreclose", debtors makes clear that his rights of recoupment

8   should be applied to the proof of claims as well as against the foreclosure

9   against original lenders and alleged Successors, the regulation express

10  statutory language provides as follows, "Nothing in this subsection affects a

11  consumer right of rescission in recoupment under State Law (15 USC § 1635

12  (i)(3)"; In re Botelho v Citicorp Mortgage In 195 B.R. 558, 567 (Bankr. D.

    Mass. 1996)

13      4. Defendants Original Lenders Mandalay, HCF, HMCMF and NATIONAL CITY BANK

14  and their alleged Nominees or Assignees or Successors HSBC, EMC or MERS,

15  Aurora or MERS, US-Bank and National, and their trustees FIRST AMERICAN TITLE

16  INSURANCE COMPANY – FIRST AMERICAN LOANSTAR  TRUSTEE SERVICES Trustee for

17  HSBC, QUALITY LOAN SERVICE CORP Trustee for EMC and/or MERS, ETS SERVICES LLC

18  Trustee for Aurora and/or MERS and/or HMCMF, are Trustees, corporations or

19  Limited Liability Companies of local citizenship to California and/or of

20  diverse citizenship, to be established at trial, which conduct business in

21  California which Allegedly are Unlawfully Representing other Corporations or

22  Entities in court Against the Law.

23                          **Factual Background**

24      5. Plaintiff, EDGART F. GONZALEZ, hereinafter sometimes referred to as

25  "DEBTOR", on or about September 2, 2005, debtor obtained a first loan of

1 $550,000.00 secured by his real property located at 1605 East Greenbriar

2 Lane, Brea, Calif. 92821 from Mandalay Mortgage LLC., hereinafter referred to

3 as "GREENBRIAR" property and "MANDALAY" respectively, as the First Deed of

4 Trust ("GREENERIAR 1ST TD"); The alleged Authority to Represent and/or

5 Proceed by Lack of Standing and/or Lack of Subject Matter Jurisdiction from

6 all debtors, In re Foreclosure Cases, 2007 U.S. Dist LEXIS 90812(S.D. Ohio,

7 Nov. 27, 2007), In re (2007 U.S. Dist. LEXIS 95673), In re Foreclosure Cases

8 521 F.Supp.2d 650(SD Ohio WD Nov 1997); In re

9 http://ssrn.com/abstract=904661

10 SSRN-id904661 Held Up in Due Course: Predatory Lending, Securitization and

11 the holder in due course Doctrine, 35 Creighton Law Rev. 503 (2002), Kurt

12 Egger, Chapman University School of Law., and particularly on this property

13 case from Mandalay, HSBC and FIRST AMERICAN TITLE INSURANCE COMPANY - FIRST

14 AMERICAN LOANSTAR  TRUSTEE SERVICES Trustee for HSBC.

15      In regard to the alleged Authority to Represent and/or Proceed by Lack of

16 Standing and/or Lack of Subject Matter Jurisdiction, unlawfully claimed

17 and/or exercised by all defendants, and specific on this Greenbriar property

18 case by HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR HOME EQUITY LOAN

19 TRUST SERIES ACE 2005-HE7 ("HSBC") and his trustee FIRST AMERICAN TITLE

20 INSURANCE COMPANY - FIRST AMERICAN LOANSTAR  TRUSTEE SERVICES Trustee for

21 HSBC who allegedly is the Title Insurer also at the same time, reason why are

22 they so eager to pursue the Foreclosure Proceedings, The Sale and The

23 Eviction of the Greenbriar Property and if so such acts and proceedings

24 arises Violations to the Racketeer Influenced and Corrupt Organizations Act

25 ("RICO") Title 18 of the United States Code allegedly on this property case

1  and similarly  on all the other property cases on this Law Suite., at the

2  beginning of the Foreclosure Proceedings, at the time of the Request and

3  Grant of the Relief from Automatic Stay by the Federal Bankruptcy Court

4  fraudulently obtained, at the time of the Trustee Sale and the Requested

5  Action for Eviction proceedings on the Greenbriar Property.

6      6. Additionally, on the same September 2, 2005, debtor obtained a second

7  loan of $150,000.00 secured by his real property located at 1605 East

8  Greenbriar Lane, Brea, Calif. 92821 from Mandalay, as the Second Deed of

9  Trust, hereinafter referred to as the "GREENBRIAR 2d TD". The alleged

10  Authority by Lack of Standing and/or Lack of Subject Matter Jurisdiction,

11  unlawfully claimed (and/or exercised), to Represent and/or Proceed by HSBC

12  BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR HOME EQUITY LOAN TRUST SERIES

13  ACE 2005-HE7 ("HSBC") and his trustee FIRST AMERICAN TITLE INSURANCE COMPANY

14  – FIRST AMERICAN LOANSTAR  TRUSTEE SERVICES Trustee for HSBC, whose Standing

15  and/or Subject Matter Jurisdiction may not exist on both loan claims from

16  both entities, at the time the foreclosure proceeding started, the bankruptcy

17  case was filed, at the time their motion for relief from the automatic stay

18  was filed and granted and may not exist as of today; Events Subsequent to

19  closing of the loans as the alleged Sale of the Servicing to AMERICA'S

20  SERVICING COMPANY hereinafter referred to as  "ASC", Sale of the risk and

21  ownership through the securitization and Sale of the Asset-Backed Securities

22  ("ABS"), backed by debtor's  Promissory Notes hereinafter referred to as the

23  "NOTE(S)" and Deeds of Trust ("DoT") of the Greenbriar property may have

24  changed both the ownership and Authority of the subject Note(s) and Deeds of

25  Trust of debtor's Greenbriar property, HSBC Bank USA National Association as

1  Trustee for Home Equity loan Trust Series ACE 2005-HE7 and his Trustee FIRST

2  AMERICAN TITLE INSURANCE COMPANY - FIRST AMERICAN LOANSTAR  TRUSTEE SERVICES

3  (where the following questions are raised  on rights to represent and/or

4  stand in court: a  Trustee representing another Trustee?, a Corporation to

5  another Corporation?) as well as their agents as RSVP  acting as auctioneer

6  for the unlawful trustee sale, have not completely and satisfactorily proved

7  their Authority, by filing in this court the documents to prove it, as  the

8  Affidavit of Holder and Owner in Due Course and the corresponding Recorded

9  Chain of Ownership and Endorsement(s) of the Promissory Note and the Deed of

10  Trust,  therefore they do not have any Authority to proceed with any Monetary

11  Claim, the Relief Requested and/or Granted as the Relief from the automatic

12  stay unlawfully obtained, the Sale, the Eviction Actions and the Unlawfully

13  Claimed Ownership Portion of the Property.

14      7. In addition, Debtor, on or about August 19, 2005, obtained a first loan

15  of $572,000.00 secured by his real property located at 80 Terra Vista, Dana

16  Point, Calif. 92629 from **Home Capital Funding**, hereinafter referred to as

17  "TERRA PROPERTY" and "HCF" respectively, as the First Deed of Trust,

18  hereinafter referred to as the "TERRA 1st TD". The alleged Authority by Lack

19  of Standing and/or Lack of Subject Matter Jurisdiction, Unlawfully Claimed

20  (and/or Exercised), to represent and/or proceed by EMC MORTGAGE CORPORATION

21  ("EMC"), and his alleged Nominee Mortgage Electronic Registration Systems

22  Inc. ("MERS") and his/their trustee QUALITY LOAN SERVICE CORP., whose

23  Standing and/or Subject Matter Jurisdiction may not exist at the time the

24  Foreclosure Proceeding Started, the Bankruptcy case was Filed, at the time

25  their Motion for Relief from the Automatic Stay was Filed and Granted and may

1    not exist as of today; Events subsequent to closing of the loans as the

2    alleged Sale of the Servicing to "EMC", Sale of the risk and ownership trough

3    the securitization and Sale of the asset-backed securities, backed by

4    debtor's  note and Deed of Trust of the Terra  property may have changed both

5    the Ownership and Authority of the subject Note and Deed of Trust of debtor's

6    Terra property, Mortgage Electronic Registration Systems Inc ("MERS") as

7    nominee for EMC Mortgage Corporation and his/their Trustee Quality Loan

8    Service Corp. as trustee for EMC and/or MERS (where the following questions

9    are raised  on rights to represent and/or stand in court: a  Trustee

10    representing another Trustee?, a Corporation to another corporation?).

11    Quality Loan Service Corp. as trustee for EMC and/or MERS, and their agents,

12    have not completely and satisfactorily proved their Authority, by filing in

13    this court the documents to prove it, as the affidavit of holder and owner in

14    due course and the corresponding recorded chain of ownership the

15    endorsement(s) of the Promissory Note and the Deed of Trust, therefore they

16    do not have any authority to proceed with any Monetary Claim, the Relief

17    Requested and/or Granted, the Foreclosure Proceedings, the Sale or the

18    Eviction and the Unlawfully Claimed Ownership Portion of the Property.

19       8. Additionally, on the same August 19, 2005, debtor obtained a second

20    loan of $143,000.00 secured by his real property located at 80 Terra Vista,

21    Dana Point, Calif. 92629 from the same Home Capital Funding, as the Second

22    Deed of Trust, hereinafter referred to as the "TERRA 2d TD". The alleged

23    Authority by Lack of Standing and/or Lack of Subject Matter Jurisdiction,

24    unlawfully claimed (and/or exercised), to Represent and/or Proceed by U. S.

25    BANK NATIONAL ASSOCIATION AS TRUSTEE hereinafter referred to as "US-BANK"

1   whose Standing and/or Subject Matter Jurisdiction may not exist at the time

2   the foreclosure proceeding started, the bankruptcy case was filed, and may

3   not exist as of today; events subsequent to closing of the loans as the

4   alleged Sale of the servicing to AMERICA'S SERVICING COMPANY ("ASC"), Sale of

5   the risk and ownership through the Securitization and Sale of the Asset-

6   Backed Securities, backed by debtor's  note and Deed of Trust of the Terra

7   property, May have changed both the Ownership and Authority of the Subject

8   Promissory note and Deed of Trust of debtor's Terra  property, Nor U. S. BANK

9   NATIONAL ASSOCIATION AS TRUSTEE, nor ASC has completely and satisfactorily

10  proved their Authority, by filing in this court the documents to prove it, as

11  the Affidavit of Holder and Owner in Due Course and the corresponding

12  Recorded chain of ownership, the Promissory Note with the endorsement(s) and

13  the Deed of Trust,  therefore US-BANK  does not have any Authority to proceed

14  with any Monetary Claim, the Sale, the Eviction and the Unlawfully Claimed

15  Ownership portion of the property.

16      9. In addition, Debtor, on or about March 21, 2006, obtained a first loan

17  of $1,203,860.00 secured by his real property located at 252,254 Wave Street,

18  Laguna Beach, Calif. 92651, from **Home Comings Financial**, hereinafter referred

19  to as "WAVE PROPERTY" and "HMCMF" respectively, as the First Deed of Trust,

20  hereinafter referred to as the "WAVE 1st TD". The alleged Authority by Lack

21  of Standing and/or Lack of Subject Matter Jurisdiction, unlawfully claimed

22  (and/or exercised), to Represent and/or Proceed by the following four

23  Entities, AURORA LOAN SERVICES LLC ("AURORA") as Servicing Agent for Mortgage

24  Electronic Registration Systems Inc ("MERS"), HMCMF and their trustee ETS

25  SERVICES LLC whose Standing and/or Subject Matter Jurisdiction may not exist

1  at the time the Foreclosure Proceeding started, the bankruptcy case was

2  filed, at the time their Motion for Relief from the Automatic Stay was filed

3  and/or Granted, fraudulently obtained from the Bankruptcy Court and such

4  Standing may not exist as of today; Events subsequent to closing of the loans

5  as the alleged Sale of the servicing to AURORA, the alleged Sale of the Risk

6  and Ownership through the securitization and Sale of the Asset-Backed

7  Securities, backed by debtor's  Note and Deed of Trust of the Wave property,

8  may have changed both the ownership and Authority of the subject Note and

9  Deed of Trust of debtor's Wave  property, Aurora as  servicing agent for

10  Mortgage Electronic Registration Systems Inc. ("MERS"), Solely as nominee for

11  Homecomings Financial Network Inc. and his Trustee ETS Services LLC ("ETS"),

12  where the following questions are raised  on rights to represent and/or stand

13  in court: A Trustee representing another Trustee?, a Corporation to another

14  corporation?, a foreign LLC representing another Corporation and/or party in

15  court?. HMCMF, MERS, AURORA, ETS and their agents, have not completely and

16  satisfactorily proved their Standing and Authority, by filing in this court

17  the documents to prove it, as the Affidavit of Holder and Owner in Due Course

18  and the Corresponding Recorded Chain of Ownership of the Note and the Deed of

19  Trust, therefore they do not have any Authority to Proceed with any Monetary

20  Claim, the Relief Requested and/or Granted as the Relief From Stay, the Sale,

21  the Eviction and the unlawfully claimed Ownership Portion of the Property.

22      10. Additionally, a week later on or around March 27, 2006, debtor

23  obtained a second loan of $200,000.00 secured by his real property located at

24  252,254 Wave Street, Laguna Beach, Calif. 92651 from National City Bank, as

25  the Second Deed of Trust. Later that year, on or around October 31, 2006,

1  debtor refinanced the second loan for 340,000.00, again, from NATIONAL CITY

2  BANK WHO NOW SHOWS THEIR NAME AS NATIONAL CITY ("NATIONAL"), as the Second

3  Deed of Trust, hereinafter referred to as the "WAVE 2d TD". The alleged

4  Authority by Lack of Standing and/or Lack of Subject Matter Jurisdiction,

5  unlawfully claimed, to proceed by NATIONAL whose Standing and/or Subject

6  Matter Jurisdiction may not exist at the time the Bankruptcy Case was filed,

7  and may not exist as of today; events subsequent to closing of the loans as

8  the alleged Sale of the servicing to NATIONAL, Sale of the risk and ownership

9  through the securitization and Sale of the asset-backed securities, backed by

10 debtor's Note and Deed of Trust of the Wave property may have changed both

11 the ownership and Authority of the subject Note and Deed of Trust of debtor's

12 Wave property, National City as Nominee, Assignee or Successor of National

13 City Bank has not completely and satisfactorily proved their Authority, by

14 filing in this court the documents to prove it, as the Affidavit of Holder

15 and Owner in Due Course as well as the corresponding recorded chain of

16 ownership of the Note and the Deed of Trust, and for the timely Loan

17 Contracts Rescission, which by operation of the TILA Law, striped National's

18 interest in the property, therefore National does not have any Authority to

19 proceed with any monetary claim, the foreclosure, the Sale, the eviction and

20 the unlawfully claimed ownership portion of the property.

21    11. To show Standing in a foreclosure action, under Article III of the

22 constitution of the United States of America, case or controversy

23 requirements, the plaintiff must show that it is the holder of the Note and

24 the mortgage at the time the complaint was filed, and must also show, at the

25

1  time the foreclosure action is filed, that the holder of the Note and

2  mortgage is harmed, … U.S.C.A. Const. Art. 3, § 2, cl 1

3      12. The plaintiff on their motions, HSBC, EMC, MERS, Aurora, US-Bank and

4  National as well as their trustees FIRST AMERICAN TITLE INSURANCE COMPANY –

5  FIRST AMERICAN LOANSTAR  TRUSTEE SERVICES Trustee for HSBC, QUALITY LOAN

6  SERVICE CORP Trustee for EMC and/or MERS, ETS SERVICES LLC Trustee for Aurora

7  and/or MERS and/or HMCMF, must show standing and that the Federal Court has

8  Subject Matter Jurisdiction over any Court Motion, the Foreclosure

9  Proceedings, at the time the Foreclosure Action was Filed or Started, the

10  Relief from the Automatic Stay was Requested and Granted otherwise they are

11  in Lack of standing on their Actions and Defrauding the Court and the

12  Judicial System.

13      13. In addition, **TILA which Achieves its Remedial Goals by A System of**

14  **Strict Liability:**

15      To further this congressional policy TILA achieves its remedial goals by a

16  system of *strict liability* in favor of consumers when mandated disclosures

17  have not been made.  15 U.S.C. §1640(a) (emphasis added).  The standard

18  applied is considered "strict liability in the sense that absolute compliance

19  is required and even technical violations will form the basis for liability."

20  *Shepeard v. Quality Siding & Window Factory, Inc., supra.* at 1299;  *In re*

21  *McElvany*, 98 B.R. 237, 240 (Bankr. W.D. Pa. 1989).  This means that

22  "technical or minor violations of TILA, or Reg. Z, as well as major

23  violations impose liability on the creditor and entitle the borrower to

24  rescind [the loan]."  *Smith v. Wells Fargo Credit Corp.*, 713 F.Supp. 354, 355

25  (D.Ariz. 1989);  *Jackson v. Grant*, 890 F.2d. 118, 120 (9th Cir. 1989);  *Semar*

v. Platte Valley Fed. S & L Assoc., supra. at 704

1    The first circuit court of appeals has unequivocally stated that any

2   violation of TILA, regardless of the technical nature of the violation, must

3   result in a finding of liability against the lender. *Bizier v. Globe*

4   *Financial Services, Inc.*, 654 F.2d 1, 3 (1st Cir. 1981). TILA is a remedial

5   statute which is designed to balance the scales "thought to be weighed in

6   favor of lenders," and is therefore to be liberally construed in favor of

7   borrowers. *Id.* A creditor who fails to comply with TILA in any respect is

8   liable to the consumer under the statute, regardless of the nature of the

9   violation or the creditor's intent. *Thomka v. A.Z. Chevrolet Inc.*, 619 F.2d

10  246, 249-50 (3d Cir. 1980). Even if the borrower can demonstrate no actual

11  damages, TILA's penalties are applied regardless of whether the borrower was

12  misled or injured. *See, Griggs v. Provident Consumer Discount Co.*, 680 F.2d

13  927, 932-33 (3d Cir.), vacated on other grounds, 459 U.S. 56, 103 S.Ct. 400,

14  74 L.Ed.2d 225 (1982).

15   The purposes of the Truth-In-Lending Act (TILA) 15 U.S.C. 1601 et seq.,

16  This law also have been eloquently described as follows: The federal TILA,

17  originally enacted in 1969 to attempt to resolve the problem arising in the

18  burgeoning post-World War II consumer-credit industry of overreaching of

19  consumers by certain creditors by means of imposing unknown and often

20  unknowable finance charges upon consumers, . . . has been a Congressional

21  ''success story.'' The problem addressed by the Act was that, due to their

22  leverage arising from production of adhesion contracts, the credit industry

23  was imposing charges upon consumers of which consumers were ignorant. . . .

24  The theory of the TILA was that, by requiring creditors to inform consumers,

25  in standardized disclosure terms, of the cost of credit, consumers would be

1   enlightened about these terms and would be able to shop for credit. The

2   philosophy of ''Let the buyer beware'' was, thus, per former Chief Justice

3   Burger, transformed into the philosophy of ''Let the seller [or lender]

4   disclose.''

5      14. Debtor alleges that these seven loan transactions failed to comply

6   with required Federal and State Laws in addition to the allegedly Lack of

7   Standing and/or Lack of Subject Matter Jurisdiction in violation of the

8   article III of the constitution of the United States of America. The loans

9   failed to comply with Federal and State Laws as the Truth-In-Lending Act

10  "TILA", Real Estate Settlement Procedures Act ("RESPA"), Home Equity

11  Protection Act ("RESPA"), Securities and Exchange Laws, Usury Laws, Deceptive

12  Business Practices and the Administrative Standards for the Practice of

13  Professions. Therefore, they are either voidable and/or void and/or both. In

14  re http://ssrn.com/abstract=1027961

15  SSRN-id1027961 Misbehavior and Mistake in Bankruptcy Mortgage Claims,

16  Katherine M. Porter, College of Law University of Iowa;

17

18     In connection with said loans from MANDALAY, HCF, HMCMF, NATIONAL CITY

19  BANK, their alleged assignees, successors or nominees HSBC and/or ASC, EMC

20  and/or MERS, Aurora and/or MERS, US-Bank and National as well s their

21  trustees FIRST AMERICAN TITLE INSURANCE COMPANY - FIRST AMERICAN LOANSTAR

22  TRUSTEE SERVICES Trustee for HSBC, QUALITY LOAN SERVICE CORP Trustee for EMC

23  and/or MERS, ETS SERVICES LLC Trustee for Aurora and/or MERS and/or HMCMF,

24     The following are some of the problems existent at this time:

25

16. Material Disclosures did not comply with Truth-In-Lending Act

Regulation Z section 226.23 (b)(1) *Notice of right to rescind*. In a

transaction subject to rescission, a creditor shall deliver two copies of the

notice of the right to rescind to each consumer entitled to rescind. The

notice shall be on a separate document that identifies the transaction and

shall clearly and conspicuously ["Reasonably understandable form" and

"disclosure is not clear if it is capable of more than one plausible

interpretation."] disclose the following:

(i)      The retention or acquisition of a security interest in the

consumer's principal dwelling.

(ii)     The consumer's right to rescind the transaction.

(iii)    How to exercise the right to rescind, with a form for that

purpose, designating the address of the creditor's place of

business.

(iv)     The effects of rescission, as described in paragraph (d) of

this section.

(v)      The date the rescission period expires. (2) *Proper form of

notice*. To satisfy the disclosure requirements of paragraph

(b)(1) of this section, the creditor shall provide the

appropriate model form in Appendix H of this part or a

substantially similar notice.

17. As the required notices of right to rescind, hereinafter referred

to as the "NOTICE", **the two copies should have been delivered to each

consumer entitled to rescind at least 3 days prior the closing of the loan,**

where for Debtor Edgart F. Gonzalez and his Wife Alma E. Samano, such Notices

1  **were not properly prepared and supported, were not delivered on time and/or**

2  **were not delivered at all**, as well as the material TILA disclosures where not

3  properly prepared, timely delivered and/or not delivered at all to debtor as

4  well as to his wife Alma E Samano who did not receive, the proper material

5  TILA disclosures, on not one of the seven loan transactions, the effect of

6  rescission is:

7      18. … The security interest-giving rise to the right of rescission

8  becomes void and the consumer [debtor] shall not be liable for any amount …

9      19. Moreover, if the required two copies of the notice or material

10  disclosures are not delivered, the right to rescind shall expire three years

11  after consummation.

12      20. However, the <u>Appellate court in Great Western v. Shoemaker, (1997</u>

13  <u>Florida, citation omitted)</u>, ruled that "Despite the plain language of section

14  1635(f), Shoemaker convinced the trial court that rescission may be exercised

15  outside the three year limit when asserted as defense in recoupment".

16      **The violations on the Notice of Right to rescind are on:**

17      21. N1. Greenbriar "1st TD" on the First copy to debtor; 1st violation of

18  <u>Regulation Z section 226.23 (b)(1)(V) for an empty date on the place the date</u>

19  <u>of the rescission period expires;</u> 2nd violation: the copy for debtor's wife

20  was not delivered.

21      22. N2. Greenbriar "1st TD" on the Second copy to debtor; 1st Violation

22  of <u>Regulation Z section 226.23 (b)(1)(V) for an empty date on the place the</u>

23  <u>date of the rescission period expires;</u> 2nd Violation: the copy for debtor's

24  wife was not delivered.

25

1    23. N3. Greenbriar "2nd TD" on the First copy to debtor, 1st violation

2    of Regulation Z section 226.23 (b)(1)(V) with an empty date on the place the

3    date of the rescission period expires; 2nd Violation the copy for debtor's

4    wife was not delivered.

5    24. N4. Greenbriar "2nd TD" on the Second copy to debtor, 1st violation

6    of Regulation Z section 226.23 (b)(1)(V) with an empty date on the place the

7    date of the rescission period expires; 2nd Violation the copy for debtor's

8    wife was not delivered.

9    25. N5. Terra "1st TD" on the First copy to debtor; 1st violation of

10   Regulation Z section 226.23 (b)(1)(V); for a misleading date on the place the

11   date of the rescission period expires, the full date does not accomplish the

12   requisite of clear and conspicuous because the month and the year are not

13   understandable or clear; 2nd Violation the copy for debtor's wife was not

14   delivered.

15   26. N6. Terra "1st TD" on the Second copy to debtor; 1st violation of

16   Regulation Z section 226.23 (b)(1)(V); for a misleading date on the place the

17   date of the rescission period expires, the full date does not accomplish the

18   requisite of clear and conspicuous because the day, month and the year as

19   well as the month and year of the transaction are not understandable or

20   clear; 2nd Violation the copy for debtor's wife was not delivered.

21   27. N7. Terra "2nd TD" on the First copy to debtor; 1st violation of

22   Regulation Z section 226.23 (b)(1)(V); for a misleading date on the place the

23   date of the rescission period expires, the full date does not accomplish the

24   requisite of clear and conspicuous because the month and the year are not

25

1    understandable or clear; 2nd Violation the copy for debtor's wife was not

2    delivered.

3        28. N8. Terra "2nd TD" on the Second copy to debtor; 1st violation of

4    Regulation Z section 226.23 (b)(1)(V); for a misleading date on the place the

5    date of the rescission period expires, the full date does not accomplish the

6    requisite of clear and conspicuous because it is not understandable the day

7    month and the year as well as not understandable the month and the year of

8    the transaction; 2nd Violation the copy for debtor's wife was not delivered.

9

10       29. N9. Wave "1st TD" on the First copy to debtor; 1st violation of

11   Regulation Z section 226.23 (b)(1)(V); for an empty (non executed) Notice of

12   Right to Rescind; 2nd Violation the copy for debtor's wife is empty (non

13   executed) Notice of Right to Rescind

14       30. N10. Wave "1st TD" on the Second copy to debtor; 1st Violation the

15   copy for debtor was not delivered; 2nd Violation the copy for debtor's wife

16   was not delivered.

17

18       31. N11. Wave "2nd TD" First Refinance on the First copy to debtor; 1st

19   Violation the copy was not delivered on time it was mailed after the closing

20   date; 2nd Violation the copy for debtor's wife was not delivered on time it

21   was mailed after the closing date.

22       32. N12. Wave "2nd TD" First Refinance on the Second copy to debtor; 1st

23   violation the copy for debtor was not delivered on time it was mailed after

24   the closing date; 2nd Violation the copy for debtor's wife was not delivered

25   on time it was mailed after the closing date.

33. N13. Wave "2nd TD" Second refinance on the First copy to debtor; 1st Violation the copy for debtor's wife was not delivered on time it was mailed after the closing date.

34. N14. Wave "2nd TD" Second Refinance on the Second copy to debtor; 1st violation the copy for debtor was not delivered; 2nd Violation the copy for debtor's wife was not delivered.

**As a result of the material TILA violations for the not delivery at all or not appropriate preparation and timely delivery of the two copies of the Notice of Right to Rescind to all parties, as well as the violations of the Annual Percentage Rate plus the subsequent material violations of the Truth-In-Lending Act, debtor exercised his right to rescind the loans in question as follows:**

35. RS1. MANDALAY: First loan (1st TD): By sending a certified rescission letter to Mandalay, FIRST AMERICAN TITLE INSURANCE COMPANY - FIRST AMERICAN LOANSTAR  TRUSTEE SERVICES Trustee, ASC and HSBC alleged nominees, assignees or successors, on or about May 14, 2008, the first loan related to the Greenbriar property, obtained on or around September 2, 2005.

36. RS2. MANDALAY: Second loan (2d TD): By sending a certified rescission letter to Mandalay, FIRST AMERICAN TITLE INSURANCE COMPANY - FIRST AMERICAN LOANSTAR  TRUSTEE SERVICES Trustee, ASC and HSBC alleged nominees, assignees or successors, agents or servicers on or about May 16, 2008, the Second loan related to the Greenbriar property, obtained on or around September 2, 2005.

37. RS3. HCF: First loan (1st TD): By sending a certified rescission letter to HCF, QUALITY LOAN SERVICE CORP trustee and EMC alleged nominees, assignees or successors, agents or servicers on or about May 16, 2008, the first loan related to the Terra property, obtained on or around Aug 19,2005.

38. RS4. HCF: Second loan (2d TD): By sending a certified rescission letter to HCF and US-BANK alleged nominees, assignees or successors, agents or servicers on or about May 16, 2008, the Second loan related to the Terra property, obtained on or around Aug 19, 2005.

39. RS5. HMCMF: First loan (1st TD): By sending a certified rescission letter to HMCMF, ETS SERVICES LLC Trustee and AURORA alleged nominees, assignees or successors, agents or servicers on or about May 16, 2008, the first loan related to the Wave property, obtained on or around March 21, 2006.

40. RS6. NATIONAL CITY BANK: Second loan first refinance (2d TD): By sending a certified rescission letter to NATIONAL CITY BANK on or about Aug 8, 2008, the Second loan first refinance related to the Wave property, obtained on or around March 27, 2006.

41. RS7. NATIONAL CITY BANK: Second loan second refinance (2d TD): By sending a certified rescission letter to NATIONAL CITY BANK and NATIONAL CITY alleged nominees, assignees or successors, agent or servicer on or about May 16, 2008, the Second loan second refinance related to the Wave property, obtained on or around October 31, 2006.

42. Accordingly under TILA, within 20 calendar days after receipt of a notice of rescission, The original lenders Mandalay, HCF, HMCMF, NATIONAL CITY BANK as well as the alleged nominees, successors or assignees HSBC, EMC, MERS, Aurora (Collectively referred as "Movants") and US-BANK, NATIONAL (Collectively referred as "Second Assignees") or Trustees FIRST AMERICAN TITLE INSURANCE COMPANY - FIRST AMERICAN LOANSTAR  TRUSTEE SERVICES Trustee for HSBC, QUALITY LOAN SERVICE CORP Trustee for EMC and/or MERS, ETS SERVICES LLC Trustee for Aurora and/or MERS and/or HMCMF (Collectively referred as "The Trustees"), were under a duty to return any money or property that has been given to anyone in connection with the transaction. <u>Regulation Z</u> <u>226.23(d)(2).</u>

43. Original Lenders, Movants, Second Assignees and The Trustees, failed and refused to comply with TILA in that Original Lenders, Movants, Second Assignees and The Trustees, are still pursuing remedies not available to them, simply because the loans were automatically void as above indicated. Moreover Original Lenders, Movants, Second Assignees and The Trustees, have to return to debtor all monies received in connection with said loans. Furthermore, the security interest is void on the Greenbriar, Terra and Wave properties and of no legal effect as well as the Promissory Notes are also void, since they are part of the same transaction; Particularly important in bankruptcy and foreclosure defense contexts, "After security interest is voided, secured creditor becomes unsecured.", Bilal v. Household Fin. Corp. (In re Bilal), 296 B.R. 828 (D. Kan.2003);"Allowing rescission, voiding security interest, and granting creditor an unsecured claim", Williams v. Gelt Fin. Corp., 1999 U.S. Dist. LEXIS 12512 (E.D. Pa. 1999), aff'd 237 B.R.

590 (E.D. Pa. 1999);"Judicial preconditioning of cancellation of lien upon tender in bankruptcy is inappropriate", In re Whitley, Inc., 177 B.R. 142 (Bankr. D.Mass.1995).

44. The appellate court, in Family Fin. Servs. v. Spencer, 677 A2d 479 (1996) held that creditors failure to accept consumers valid rescissions nullified the security interest and relieved the consumer of her obligation to lender.

45. In the case at bar, the lenders, defendants herein have refused to accept debtor's valid rescission so debtor should be relieved of his obligation to lenders.

46. In light of the above, Request is respectfully made to this court, to set aside the default by debtor, vacate the orders granting the relief from the automatic stay and /or quashed, allow the motion to be decided on it's merits and stay, cancel and/or set aside the foreclosure, the Sale or the eviction proceedings, which under this adversary proceeding would cause irreparable harm should the orders granted or requested not be set aside and canceled or vacated or quashed and the requests by defendants be denied.

47. In addition with the following material TILA Disclosures did not comply with Truth-In-Lending Act as the Annual Percentage Rate "APR" Disclosure was inaccurate which in addition to the material violations of the notice which grants the rescission, improper disclosure of the APR is also a material violation for purposes of rescission at the same time both violations and the violations of the additional Federal and State Laws as CC § 1549 et. Seq., SB 1137 and as the Real Estate Settlement Procedures Act, Securities and Exchange Laws, Usury Laws, Deceptive Business Practices and

1  the Administrative Standards for the Practice of Professions Related laws

2  violated by the wrong foreclosure, entitles debtor to statutory,

3  consequential damages, costs and attorney fees as well as to actual and

4  punitive damages, the relief requested by debtor, the reaffirmation of the

5  contract rescissions under TILA plus the additional types and amounts of

6  damages and relief will be established at trial; on the following additional

7  grounds and basis:

8

9     48. The loan terms from MANDALAY, HCF, HMCMF AND NATIONAL CITY BANK were

10 as follows:

11    Adjustable Interest rates, adjusted periodically and undisclosed material

12 violations rendered the APR inaccurate, as on preliminary revision, with

13 information available to debtor as of today and believe, shows the following

14 APR differences:

15    49. D1. Mandalay (1st TD) stated at 9.756% and calculated is 7.05%

16 difference of (+2.706%) which is over the 1/8%(.125%) beyond the general

17 permitted tolerance allowed by TILA. 1st Loan on Greenbriar property.

18    50. D2. Mandalay (2d TD) stated at 10.230% and calculated is 10.093%

19 difference of (+.137%) which is over the 1/8%(.125%) beyond the general

20 permitted tolerance allowed by TILA. 2nd Loan on Greenbriar property.

21    51. D3. HCF (1st TD) stated at 7.383% and calculated is 7.219% difference

22 of (+.164%) which is over the 1/8%(.125%) beyond the general permitted

23 tolerance allowed by TILA. 1st Loan on Terra property.

24

25

1    52. D4. HCF (2d TD) stated at 11.156% and calculated is 11.022% difference

2  of (+.134%) which is over the 1/8%(.125%) beyond the general permitted

3  tolerance allowed by TILA. 2nd Loan on Terra property.

4    53. D5. HMCMF (1st TD) stated at 6.739% and calculated is 7.142%

5  difference of (-.403%) which is over the 1/8%(.125%) beyond the general

6  permitted tolerance allowed by TILA. 1st Loan on Wave property.

7    54. D6. NATIONAL CITY BANK (2nd TD) 1st refinance stated at 8.301% and

8  calculated is 8.142% difference of (-.159%) which is over the 1/8%(.125%)

9  beyond the general permitted tolerance allowed by TILA. 2nd Loan, 1st

10  refinance on Wave property.

11    55. D7. NATIONAL CITY BANK and/or his agents committed fraud at the loan

12  closing which renders APR invalid and difficult to estimate without

13  additional discovery (Please read bellow Fraud from NATIONAL …).

14

15    56. It's important to note that the Lending Banks are not HSBC, ASC, EMC,

16  MERS or Aurora (Movants) as well as are not US-BANK AND NATIONAL (Second

17  Assignees), Nor The Trustees, the Promissory Notes does not reflect Debtor

18  being obligated to pay HSBC, ASC, EMC, MERS or Aurora, the Movants as well as

19  to US-BANK AND NATIONAL the Second Assignees or The Trustees for any reason,

20  which brings into question Movant's, Second Assignees and The Trustees

21  Standing. All defendants have not provided complete and satisfactory evidence

22  as the full and complete recorded chain of ownership of the Note (the

23  original Note if produced has to have endorsement(s) to the assignee(s) on

24  the chain of ownership), and complete recorded chain of ownership of the

25  Deeds of Trust and the corresponding Affidavits of Owner and Holder in due

1  course, proving Standing and/or Subject Matter Jurisdiction to bring their

2  Motions to this court, therefore they are not lawfully entitled to claim any

3  legal rights and Monetary Claims as well as The Trustees have no rights to

4  foreclose, to Sale or to evict from the properties, such rights are voidable

5  and/or void and/or both by operation of Law, also where the notices of

6  Trustee Sale were properly objected and the Loan Contracts were properly

7  Rescinded by Fraud and by the violations of the Truth-In-Lending Act.

8      57. At the same time it constitutes a threatening against the priceless

9  integrity of the Judicial System where by "Sua Sponte" shall and shall have

10 been exercised Requesting Movants and their Agents now Defendants to show

11 Standing maxima when debtor as the affected party have requested and stated

12 before, alleging Standing on the Points and Authorities In Support Of

13 Emergency Ex-Parte Motion to Vacate, for Clarification and/or

14 Reconsideration, filed on this court on July 24,2008 against the relief from

15 the automatic stay of the Greenbriar and Terra properties, which were

16 unlawfully confirmed and obtained by Movants, now debtor respectfully request

17 to the court to Vacate the Orders Granting the Relieves From the Automatic

18 Stay and Set Aside the Foreclosures on the Greenbriar, Terra and the Wave

19 properties, and unlawfully obtained such Relieves by Movants, to cure the

20 Fraud by Movants by the threat of the exposed Integrity of the Judicial

21 System and the irreparable harm debtor would suffer if after the unlawful

22 Foreclosures, Sales or Evictions are allowed on the properties as the

23 Greenbriar is actually in fact threatened as of today.

24     58. At all times relevant hereto MANDALAY, HCF, HMCMF AND NATIONAL CITY

25 BANK were creditors within the meaning of TILA and therefore are requested to

1   comply with TILA Disclosure requirements as well as the Real Estate

2   Settlement Procedures Act, Securities and Exchange Laws, Usury Laws,

3   Deceptive Business Practices, the Administrative Standards for the Practice

4   of Professions and the Federal and State Laws Related.

5       59. MANDALAY's, HCF's, HMCMF's, NATIONAL CITY BANK's secured loans with

6   Debtor, are consumer credit transactions within the meaning of TILA. Again

7   MANDALAY, HCF, HMCMF AND NATIONAL CITY BANK are under a strict duty and

8   obligation to comply with TILA, Lending Laws at Federal and State Levels and

9   Real Estate Settlement Procedures Act, Securities and Exchange Laws, Usury

10  Laws, Deceptive Business Practices and the Administrative Standards for the

11  Practice of Professions.

12                          **Count I: Misrepresentation**

13      60. MANDALAY, HCF, HMCMF, NATIONAL CITY BANK never disclosed the true

14  nature of Broker's agent role in the loan transaction, or the fact that it

15  would impose a broker's fee for the purported service of arranging the loan.

16      61. Because of various misrepresentations made by MANDALAY, HCF, HMCMF,

17  NATIONAL CITY BANK, and based on the manner in which MANDALAY, HCF, HMCMF,

18  NATIONAL CITY BANK held themselves out, debtor was led to believe that

19  brokers were not engaged in the lenders direct transactions from whom he

20  would be obtaining his loans. Debtor is not presently aware of the true

21  nature of the relationship between HSBC, EMC, AURORA, US-BANK, NATIONAL and

22  Original Lenders: MANDALAY, HCF, HMCMF and NAIONAL CITY BANK.

23      62. Neither MANDALAY, HCF, HMCMF OR NATIONAL CITY BANK provided debtor

24  with any loan brokerage or commission agreement prior to the closing, nor did

25  Debtor at any point prior to the closing sign such an agreement.

63. Without Debtor's consent or knowledge, and without any written or oral agreement with the debtor, MANDALAY, HCF, HMCMF OR NATIONAL CITY BANK, they were arranging the loans through a broker agent.

### Count II:  Breach of Contract

64. Debtor request authorization to move into discovery, which we respectfully request, to this court, to establish the exact "rate buydowns." applied by MANDALAY, HCF, HMCMF or NATIONAL CITY BANK.

65. These payments were ostensibly made to reduce his interest rates or to reduce the monthly payments he was to make.

66. Debtor needs to establish through discovery the real amounts reduced to the Note rates.

67. Lenders intended for Debtor to make the buydown payments. If so, in reliance on its representation about the reduced rate and payments, Debtor did so rely, and lenders intentionally would fail to reduce the rate and payments as represented.

### Count III:  Violation of California Law

68. California points and fees statute prohibits lenders from charging more than two points on any consumer mortgage loan which allegedly all the original lenders and the alleged assignees, are violated, as well as the California Unfair and deceptive practice laws, Contract Law, and further related State Law.

69. A "rate buydown" constitutes points within the meaning of the statute.

70. Lenders would have charged Debtor more than the minimum points on his loans, in violation of the Law.

### *Truth in Lending Act Violations*

**Counts IV and V: Failure to Timely Provide the Truth-In-Lending Act Disclosure Statements and the Notice of Right to Rescind**

71. At the closing, MANDALAY, HCF, HMCMF and NATIONAL CITY BANK, should have presented Debtor with a document entitled "Disclosure Statement" and obtained his signature acknowledging receipt of a copy of the document. Debtor does not recall to have received the copy of such documents at that time.

72. At the closing, MANDALAY, HCF, HMCMF AND NATIONAL CITY BANK presented Debtor with a document entitled "Notice of Right to Cancel" and obtained his signature acknowledging receipt of two copies of the document which were not in compliance with TILA. They failed to deliver even one copy of said notice to debtor's wife except NATIONAL CITY BANK who provided a blank notice on the first refinance loan, although they knew she was married to debtor and was involved in the transactions, and signed some legal documents connected therewith and had the right to rescind. A copy of these documents are attached and incorporated herein as Exhibit A. [Not reprinted infra.]

73. MANDALAY's, HCF's, HMCMF's AND NATIONAL CITY BANK's failure to provide Debtor at the loan closing with a valid copy of his Disclosure Statements is a violation of 15 USC §§1638(a) and (b)(1), and California Law entitling Debtor to rescind the transaction pursuant to 15 USC §1635(a) and California Law

74. MANDALAY's, HCF's, HMCMF's AND NATIONAL's Broker agent's failure to provide Debtor and his wife, with two copies of a duly executed and properly prepared notice of the right to rescind the transaction at least three days prior to the loan closing, is a violation of 15 USC §1635(a) and California

1   Law, entitling Debtor to rescind the transaction pursuant to 15 USC §1635(a)

2   and California Law.

3                **Count VI:  Failure to Disclose Broker Fees as Finance Charges**

4       75. MANDALAY, HCF, HMCMF and NATIONAL CITY BANK required Debtor to pay

5   some amounts of the loan proceeds to their broker agents as hidden fees of

6   the loan being made.   Debtor requests discovery to ascertain the amounts

7   undisclosed if so.

8       76. MANDALAY, HCF, HMCMF and NATIONAL CITY BANK informally required that

9   borrowers be channeled to it through broker agents.

10      77. MANDALAY, HCF, HMCMF and NATIONAL CITY BANK failure to disclose this

11  "broker's fee" as a finance charge is a violation of 15 USC §1638(a)(3) and

12  California Law, entitling Debtor  to rescind the transaction pursuant to 15

13  USC §1635(a) and California Law.

14               **Count VII:  Failure to Disclose Appraisal Fee as Finance Charge**

15      78. MANDALAY, HCF, HMCMF and NATIONAL CITY BANK charged Debtor different

16  dollars amounts for an appraisal of his properties without applying the

17  amounts to the disclosed APR.

18      79. California Law requires first mortgage lenders to provide written

19  notice to borrowers of their right to obtain upon request a free copy of the

20  lender's appraisal of the borrower's home.

21      80. The charge for the appraisal is alleged neither bona fide nor

22  reasonable.

23      81. MANDALAY's, HCF's, HMCMF's and NATIONAL CITY BANK's failure to

24  disclose this fee as a finance charge, is a violation of 15 USC §1638(a)(3)

25  and California Law, entitling Debtor to rescind the transaction pursuant to

26  15 USC §1635(a) and California Law.

## Count VIII:  Unreasonable and Non-Bona Fide

### Document Preparation Charges

82. MANDALAY, HCF, HMCMF and NATIONAL CITY BANK charged Debtor different dollar amounts for document preparation.

83. These document preparation charge was neither bona fide nor reasonable.

84. MANDALAY, HCF, HMCMF and NATIONAL CITY BANK failure to disclose this fee as a finance charge is a violation of 15 USC §1638(a)(3) and California Law, entitling Debtor to rescind the transaction pursuant to 15 USC §1635(a) and California Law.

## Counts IX and X:  Unreasonable and Non-Bona Fide

### Recording and Title Charges

85. MANDALAY, HCF, HMCMF and NATIONAL CITY BANK imposed different dollar amounts for title and recording fee charges upon Debtor.

86. MANDALAY, HCF, HMCMF and NATIONAL CITY BANK charges for full title examination precluded any need to "update" the title.

87. The only document recorded in connection with this transaction was the Deed of Trust, for which separate fees were imposed by the title company.

88. MANDALAY, HCF, HMCMF and NATIONAL CITY BANK failure to disclose as a finance charge the portion of the fees allocated to the cost of the unnecessary "title update" is a violation of 15 USC §1638(a)(3), entitling Debtor to rescind the transaction pursuant to 15 USC §1635(a).

89. MANDALAY, HCF, HMCMF and NATIONAL CITY BANK failure to disclose as a finance charge the portion of the fees allocated to the cost of "recording of documents," where such "costs" were not fees paid to public officials, is a

1    violation of 15 USC §1638(a)(3) and California Law, entitling Debtor to

2    rescind the transaction pursuant to 15 USC §1635(a) and California Law.

3    **Counts XI-XII: Lenders Inaccurate Material Disclosures**

4    90. MANDALAY, HCF, HMCMF AND NATIONAL CITY BANK failure to disclose the

5    amounts described above as recording and title finance charges pursuant to 15

6    U.S.C. §1638 and California Law correspondingly rendered the "finance

7    charge," "annual percentage rate" and "amount financed" disclosures

8    inaccurate in amounts exceeding TILA's error tolerance (Reduced to $35

     dollars when in foreclosure).

9
     91. By failing to accurately disclose the finance charge, MANDALAY, HCF,
10
     HMCMF AND NATIONAL CITY BANK violated 15 U.S.C. §1638(a)(3) and California
11
     Law.
12
     92. By failing to accurately disclose the amount financed, MANDALAY, HCF,
13
     HMCMF AND NATIONAL CITY BANK violated 15 U.S.C. §1638(a)(2)(A) and California
14
     Law.
15
     93. By failing to accurately disclose the annual percentage rate,
16
     MANDALAY, HCF, HMCMF AND NATIONAL CITY BANK violated 15 U.S.C. §1638(a)(4)
17
     and California Law.

18   **Count XIII: Failure to Honor Debtor's Rescission Notice**

19   94. Debtor made every payment on the loan on or before the due date for

20   several years until the economy slowdown.

21   95. In the fall of 2007, with the slowdown of the economy, Debtor sought

22   to convert the MANDALAY, HCF, HMCMF AND NATIONAL CITY BANK loans, to the low

23   interest rate long-term loans, the Mandalay, HCF, HMCMF, NATIONAL CIY BANK,

24   HSBC, EMC, AURORA and US-Bank representatives either did not answer to debtor

25   or stated that he could have the conversion to fix rates if he made his

     payments on time.

96. And the ones who answered informed him that they were no longer making or arranging such loan modifications.

97. Between May 14 and 17 of 2008 for all the loans, except the first refinance from NATIONAL CITY BANK which was rescinded on or around August 8 2008 Debtor, through his attorney and/or by self, notified to MANDALAY, HCF, HMCMF, NATIONAL CITY BANK, HSBC, EMC, AURORA and US-BANK that he was exercising his right to rescind the transactions pursuant to 15 U.S.C. §1635 and California Law.  A copy of the letters by which Debtor exercised his rescission rights are attached and incorporated herein as Exhibit C [not reprinted infra.].

98. MANDALAY, HCF, HMCMF AND NATIONAL CITY BANK, HSBC, EMC, AURORA and US-BANK refused to honor Debtor's rescission of the transaction, in violation of 15 U.S.C. §1635(b) and California Law.

99. MANDALAY, HCF, HMCMF AND NATIONAL CITY BANK, HSBC, EMC, AURORA and US-BANK failure to honor Debtor's rescission notice eliminates Debtor's obligation to tender the net proceeds of the loans.  Pursuant to 15 U.S.C. §1635(b) and California Law. Debtor has no obligation now to tender that unpaid principal on such loans.

**COUNT XIV, XV, XVI, XVII: Fraud for Standing and/or Subject Matter Jurisdiction on: The Relief from the Automatic Stay, The Foreclosure, The Trustee Sale and the Eviction Proceedings**

100. Comes now the plaintiff against defendants in the above-styled action set the Sale date, request to set aside the foreclosure and/or cancel the Sale and/or eviction proceedings of the subject properties and as grounds therefore states that the alleged LENDERS HSBC, EMC, AURORA (MOVANTS) AND THEIR TRUSTEES when such exist:   FIRST AMERICAN TITLE INSURANCE COMPANY - FIRST AMERICAN LOANSTAR TRUSTEE SERVICES TRUSTEE FOR HSBC WITH HIS AGENT RSVP

[Trustee Sale executor], QUALITY LOAN SERVICE CORP TRUSTEE FOR EMC , ETS SERVICES LLC TRUSTEE FOR AURORA LOAN SERVICES LLC AND/OR HMCMF therefore collectively named MOVANTS AND TRUSTEES, committed fraud in that at the beginning of the foreclosure of the properties, the MOVANTS AND TRUSTEE AGENTS did not own and most likely does not now, own the Deeds of Trust and the promissory notes, and not owned or held in due course any security agreements, nor have the requisite power to represent the real party in interest, nor did the MOVANTS AND TRUSTEES allege facts in support thereof. The true facts and consequent fraud and/or attempt of fraud perpetrated upon this Court by MOVANTS AND TRUSTEE AGENTS, regarding the prior alleged Sales of the risk, servicing and ownership of the Deeds of Trust and Promissory Notes backed by the subject real properties or their security instruments and alleged liability, did not come to the attention of the undersigned debtor until the last few days.

101. **The Trustees do not have the current Authority to proceed with the Foreclosures, Sales or Evictions, nor to defend the claims of the undersigned petitioners, because of events subsequent to closing, that changed both the Ownerships and Authorities of the subject Promissory Notes and Deeds of Trust**, the Authority of the Trustees to represent the interests of the real parties in interest and **the lack of documentation proving that the real parties in interest can be established by the presence of new Trustees, Lenders, Underwriters in addition to the presence of new Third Party Investors.**

102. The unique context in which this and other deeds of trusts are being foreclosed on residential properties have left all affected parties in untenable positions resulting from rules, which never contemplated these circumstances. None of the affected parties wish to see the subject properties foreclosed, sold or the properties abandoned. All of the parties

1    affected have it in their interest to preserve and maintain the security of

2    the assets, which is the subject of the instant action. It therefore falls

     within the equitable powers of the Court to order mediation and to require

3    people with decision-making Authority to appear at said mediation prior to

4    the consideration of the current motion or any subsequent motion; Such

5    mediation within 180 days at which the Trustee shall provide proof which

6    maybe used in these proceedings showing the compliance or lack thereof with

7    the applicable Laws and rules of the State of California, the Federal

8    Government or any agency in connection with disclosures concerning, risk,

9    fair market value, true cost of the loan, the true ultimate source of capital

     to fund the loan, and any changes in underwriting standards that were not

10   disclosed to the Petitioner/Buyer (plaintiff) and such documents shall also

11   be filed with the Court at least ten (10) days prior to actual mediation.

12   Failure of any affected party to appear at said mediation shall constitute a

13   waiver of any claim for payment, and claim for security or any other rights

14   under the original transactions by which the loan documents were produced.

15   The failure of any affected party to produce a person at the time and place

16   of the mediation, which shall be set by order of the mediator, who is

17   authorized to make a final decision regarding settlement, if legally entitled

18   at the time of mediation of such settlement, shall constitute a non-

     appearance under this paragraph.

19

20                    **COUNT XVIII: Preclusion of Trustee Sale**

21      **By Operation of Law, Timely Objection of Notice of Trustee Sale, Timely**

22     **Rescission of loan contracts under TILA, Violation of the Securities and**

23              **Exchange Law and related Federal and State Law.**

24      103.   Accordingly, the legal effect of the abovementioned Lack of Standing

25   and/or Lack of Subject Matter Jurisdiction, plus the TILA Violations and

1  further Violations of Federal or State Law, is that the loans are

2  automatically void and of no legal effect as the loans are rescinded by

3  operation of Law as well as by debtor's exercise of his right to cancel and

4  debtor's timely advise to Trustees of his valid objection to the Notice of

5  Trustee Sale, when such Trustee Sale shall not be executed if the Sale as

6  held is contrary to or in Violation of any Federal or State Statutes in

7  Effect.

8      104. Due to the depressed real estate market, debtor got in financial

9  problems and was unable to pay as agreed; therefore he filed for relief in

10  bankruptcy in efforts to save his properties, which are his investment and

11  sole source of income at the present time. Shortly thereafter the lending

12  institutions above referred to as HSBC, EMC, AURORA some times referred to as

13  "MOVANTS", "MOVANTS" then filed a Motion for Relief from the Automatic Stay

14  on all the properties, the Greenbriar, Terra and the Wave properties.

15      105. Debtor was financially unable to obtain counsel to oppose the

16  unlawful Greenbriar and Terra properties in said motions and he filed a

17  Response in Pro Per which was tantamount to no response at all but was able

18  to point out to the court that there were some TILA violations which rendered

19  the loans in question void or voidable including the Wave property. Moreover,

20  TILA violations can be used to defend against foreclosure proceedings and/or

21  via recoupment, also via recoupment debtor is entitled to claim additional

22  relief and damages, which will be established at trial.

23      106. In addition, Debtor alleges **Standing problems in that Mandalay, HCF,**

24  **HMCMF and NATIONAL CITY BANK are not the moving parties per se, all the**

25  **MOVANTS: HSBC, EMC, Aurora as alleged successors and/or assignees, as well as**

1  **the Second Assignees: US-BANK and NATIONAL as of assignees or successors are**

2  **in Lack of Standing and/or Lack of Subject Matter Jurisdiction as they have**

3  **not proved fully and satisfactorily to this court that they have been the**

4  **owners and holders in due course,** filing the affidavits stating their

5  ownership and holding in due course, the original notes with endorsements,

6  the Deeds of Trust and their chains of ownership to prove that the alleged

7  assignees or successors are the owners and holders in due course of the

8  Promissory Notes and Deeds of Trust and that they have Standing and/or

9  Subject Matter Jurisdiction to enforce their rights under the Promissory

10  Notes and Deeds of Trust in this court, in addition Plaintiff has objected in

11  a timely fashion the Notice of Trustee Sale on the Greenbriar, Terra and Wave

12  properties (see EXHIBIT F) to stop the Trustee Sales, to prevent the unlawful

13  foreclosures, unlawful Sales and/or unlawful evictions, therefore this court

14  has the power to grant an  injunction to stay, cancel or set aside the

15  foreclosure, Sale and/or the eviction proceedings in the Greenbriar, Terra

16  and Wave properties, which on all cases we RESPECTFULLY REQUEST TO THE COURT

17  TO STAY, CANCEL AND/OR SET ASIDE THE FORECLOSURES, SALES AND EVICTIONS

18  PROCEEDINGS, AFIRM THE TILA CONRACT RESCISIONS, ORDER THE RELEASE OF THE VOID

19  LIENS ON THE PROPERTIES, IMPOSE SANCTIONS FOR DAMAGES IN THE AMOUNTS TO BE

20  STABLISHED AT TRIAL FOR FAILURE OF JURISDICTION, LACK of STANDING and/or LACK

21  of SUBJECT MATTER JURISDICTION, TRUTH-IN-LENDING ACT VIOLATIONS AND ADIIONAL

22  FEDERAL AND STATE VIOLATIONS DETERMINED AT TRIAL, against defendants, such

23  sanctions should be more strict with First American Title Insurance Company -

24  First American LoanStar Trustee Services and RSVP  who have willfully

25  violated the Law with the Trustee Sale proceedings, and additionally violated

1 | again numerous State and Federal Laws, including the Truth-In-Lending Act,

2 | Real Estate Settlement Procedures Act, Securities and Exchange Laws, Usury

3 | Laws, Deceptive Business Practices and the Administrative Standards for the

4 | Practice of Professions, when timely precluded to not to do so, they

5 | consummated the proceeding of the Trustee Sale of the Greenbriar property,

6 | furthermore we request the same strict sanctions to any defendant and/or

7 | their agents who proceed with  any unlawful action against the properties, as

8 | the continuation of the Foreclosures, the Sales or Evictions under such

9 | objected Notice of Trustee Sales on any of the properties, where such actions

10 | are Void and Null by Operation of Law, by the debtor's timely objection to

11 | the notice of Trustee Sales; the debtor's timely Rescission under the Truth-

12 | In-Lending Act and  the related State and Federal Law violations for Usury,

13 | Wrong Foreclosure, Deceptive Business Practices and the violations of the

14 | Administrative Standards for the Practice of Professions including the

15 | Securities and Exchange inherent Law violations for the securitization and

16 | Sale of the certificates of asset-backed securities, which are backed by the

17 | security instrument which is the Promissory Note and Deed of Trust of each

18 | loan of each property, where as objected to the Trustee Sale Notice and

19 | requested that the **Trustee send a copy of that  letter to their  insurance**

20 | **carrier, which now bears the burden of total liabilities** and all other

21 | interested parties as described herein to reaffirm in this adversary

22 | proceeding for the following reasons:

23 |     107. R1. There is no delinquency or default. The Lender has been paid in

24 | full plus a fee for Standing in for an undisclosed third party lender that

25 | was not properly registered or regulated as a financial institution or lender

1    at the time the transaction took place and/or for the securitization and Sale

2    of the mortgage backed securities.

3        108. R2. The Lender has failed to State the right name and/or address of

4    the holder in due course, being the holders of certificates of asset-backed

5    securities, which are backed by the security instrument (Promissory Notes and

6    Deeds of Trust) on the subject residential properties.

7        109. R3. Movants and/or Second Assignees do not own, possess or control

8    the Promissory Notes or the Deeds of Trust and/or both, which has been

9    satisfied in full (Paid by third party investors). Demand is herewith made

10    for satisfaction of Deeds of Trust and Promissory Notes to be filed in the

11    appropriate county records.

12        110. R4. The Authority as Trustee has also been transferred to the Trustee

13    of the pooled Deed of Trust and/or notes on various properties, real and

14    personal, that were included in an asset pooled that was eventually

15    securitized and sold to investors, who along with others in the chain of

16    securitization acquired rights and obligations to the Promissory Notes, Deeds

17    of Trusts, and to the stream of revenue eventually due to the new

18    investor(s).

19        111. R5. Because of the known presence of the necessary and indispensable

20    parties to any dispute that the true holders in due course might have against

21    debtor, only a judicial proceeding in which all parties are included will

22    provide a fair determination of the rights, obligation and title to the

23    properties, Deeds of Trust and Promissory Notes.

24        112. R6. The "loan closings" were in fact a scheme to trick debtor into

25    issuing negotiable instruments that were pre-sold to investors as unregulated

1  securities. The parties and their fees were not revealed nor was the true APR

2  disclosed, as it was inflated considerably by the intentional overstatement

3  of the appraisal on the properties.

4      113. R7. The Title Agents, which might well be the same as the Trustees

5  also have insurance for errors and omissions and the title insurance company

6  that issued the policies, will have total liability for these fraudulent

7  transactions to the extent they have had knowledge through its agents of the

8  fraudulent schemes. The totalities of the transactions have violated numerous

9  State and Federal Laws including TILA, Securities and Exchange, Usury, Truth-

10  In-Lending Act, Deceptive Business Practices, and Administrative Standards

11  for the Practice of Professions.

12      114. R8. Therefore, Trustees please confirm the filing and recording of

13  the satisfaction of Deeds of Trust, send the Original Promissory Notes back

14  to debtor (or tell debtor and this court where the notes are located), and

15  confirm the retraction of the attempt to collect a Debt, which is Incorrectly

16  Stated, Improperly Computed, Improperly Obtained, and Fraudulently Produced

17  and Transmitted.

18      115. R9. A Trustee Sale shall not be completed or executed if the Sale as

19  Held is Contrary to or in violation of any Federal or California State

20  Statute in Effect, as stated in the corresponding objection to Notice of

21  Trustee Sales.

22                **COUNT XIX: Fraud from NATIONAL CITY BANK and/or**

23                        **His agents Broker and/or his**

24                   **Escrow officers and/or closing agents**

25

1    116. Additionally the court should note that debtor recently found a fraud

2   in the second refinance of the WAVE 2d TD with NATIONAL, NATIONAL and their

3   agents (Broker and/or Escrow officers and/or closing agents) committed direct

4   fraud against plaintiff when increasing artificially the amount of the loan

5   by including a misleading payoff of a BMW motorcycle purchased by debtor, in

6   the loan transaction, deducting the amount of $8,779.00 in the Settlement

7   Statement from Fidelity National Title on October 30 of 2006, such cash to

8   borrower was $130,592.58 (including such deduction of  $8,779.00) such cash

9   to borrower is reflected as a wire transfer deposit to the plaintiff's

10   personal account as $130,726.82 (over $35 dollars misstatement violation of

11   TILA, when in foreclosure is so reduced). On November 11/2006, motorcycle

12   payoff was never made to BMW who sold the motorcycle in a reposition Sale 17

13   months later on March 5/2008. (Please see EXHIBIT E) for the details and

proof of additional fraud in this transaction, herein.

14                    **Circumstances Requiring Immediate Issuance**

15                          **Of a Preliminary Injunction**

16    117. HSBC and his alleged unlawful Trustee FIRST AMERICAN TITLE INSURANCE

17   COMPANY - FIRST AMERICAN LOANSTAR  TRUSTEE SERVICES WITH RSVP  have executed

18   the alleged unlawful Trustee Sale of the Greenbriar property and they are

19   threatening debtor with the alleged unlawful eviction proceedings, shall the

20   foreclosure, the Sale and/or the eviction proceedings be set aside, canceled

21   and/or stayed.

22    118. HSBC and EMC Have obtained defrauding this court the relief from the

23   automatic stay on Greenbriar and Terra properties, now EMC is threatening

24   with the unlawful Sale of the Terra property in a short period of time, shall

the foreclosure, the Sale and/or the eviction proceedings be set aside,

25   canceled and/or stayed.

119. AURORA is trying to obtain and/or obtained defrauding this court the alleged relief from the automatic stay on Wave property and is threatening with the unlawful Sale of the Wave property in a short period of time, shall the foreclosure, the Sale and/or the eviction proceedings be set aside, canceled and/or stayed.

120. MANDALAY, HCF, HMCMF, NATIONAL CITY BANK and their alleged successors and/or assignees HSBC, EMC, Aurora, US-Bank and National continuing refusal to honor Debtor's rescission, cancelled the possibilities to refinance the loans in more affordable fix rate loans.

121. Unless the Court issues a preliminary injunction to allow Debtor to stay the unlawful Trustee Sales and eviction proceedings, debtor would become homeless, with no possibilities to sustain his family and would suffer irreparable and permanent harm.

122. We respectfully request to the Court the changes of the local rules to stop the unlawful applicants before they obtain such reliefs where families are losing their homes unlawfully.

### Requested Relief

WHEREFORE, the Debtor respectfully requests that this honorable Court:

123. Issue an order of notice ordering defendants to appear on or before fourteen days from today and show cause why an injunction should not be issue.

**124. After an emergency hearing:**

a. Issue an order vacating the unlawfully obtained relief from the automatic stay on the Greenbriar, Terra and Wave properties if so granted and/or deny the request of the relief from the automatic stay on the Wave property, unlawfully requested by Aurora and in progress now on this court.

1    b. Issue an order of notice ordering MANDALAY, HCF, HMCMF, NATIONAL CITY

2    BANK and their alleged assignees or successors HSBC, EMC, Aurora, US-Bank and

3    National and their Trustees FIRST AMERICAN TITLE INSURANCE COMPANY - FIRST

4    AMERICAN LOANSTAR  TRUSTEE SERVICES, QUALITY LOAN SERVICE CORP, ETS SERVICES

5    LLC, to appear Standing to sue in a reasonable period of time or six months

6    maximum from today, as a pre-requisite to:

7    b.1. Not to issue a Permanent Injunction against defendants, not to set

8    aside the foreclosure and cancel the Trustee Sales and/or eviction

9    proceedings, not to lose the permanent legal and equitable rights (if so

10   existent at some time or as of today?) on the properties, not to release the

11   liens on properties by operation of Law and corresponding Objections and

12   Rescissions, not to Affirm proper Loan Rescissions under TILA and the

13   Properly and timely objection and advise against the execution of the Notice

     of Trustee Sales.

14   b.2. Via recoupment not to stop and/or invalidate and/or set aside the

15   foreclosure, Sale, and/or eviction proceedings, impose damages and reaffirm

16   the loan rescissions under TILA and properly and timely objection to the

17   notice of Trustee Sales.

18   b.3. Not to impose sanctions to be determined at trial for Failure of

19   Jurisdiction, Lack of Standing and/or Lack of Subject Matter jurisdiction and

20   Sanctions for reject the Proper Loan Rescissions under Truth-In-Lending Act

21   and Proper and Timely Objection to the Notice of Trustee Sales.

22   b.4. Not to impose sanctions to be determined at trial for additional

23   damages regarded to the additional law violations and the induced damages to

     debtor and his family, not to obtain the relief requested by debtor.

24

25
     c. Order mediation within a maximum of 180 days at which the Trustee shall

provide proof which maybe used in these proceedings showing the compliance or

lack thereof with the applicable Laws and rules of the State of California,

the Federal Government or any agency in connection with disclosures

concerning, risk, fair market value, true cost of the loan, the true ultimate

source of capital to fund the loan, and any changes in underwriting standards

that were not disclosed to the Petitioner/Buyer (Plaintiff) and such

documents shall also be filed with the Court at least ten (10) days prior to

actual mediation. Failure of any affected party to appear at said mediation

shall constitute a waiver of any claim for payment, and claim for security or

any other rights under the original transactions by which the loan documents

were produced. The failure of any affected party to produce a person at the

time and place of the mediation (which shall be set by order of the mediator)

who is authorized to make a final decision regarding settlement, if legally

entitled at the time of mediation of such settlement, shall constitute a non-

appearance under this paragraph.

d. This cause having come on to be heard upon emergency motion of the

Petitioner and the court having reviewed the documents regarding the subject

property, heard arguments regarding the motion, heard and received evidence

regarding the motion, and taken judicial notice of the context of the great

number of foreclosures of primary residences in the State of California, and

the Court being otherwise fully advised in the premises, it is accordingly.

e. Pursuant to California Law, Debtor, requests that this Court grant an

injunction to stay any further action in the above-captioned case and

prohibit Defendants from proceeding with the foreclosure Sale and or

unlawfully eviction proceedings of property at 1605 East Greenbriar Lane,

Brea, California 92821, unlawfully sold at public auction on August 20, 2008;

80 Terra Vista, Dana Point, California 92629, scheduled to be sold at public

auction shortly; 252,254 Wave Street, Laguna Beach, California 92651,

scheduled to be sold at public auction shortly.

**125. After a trial on the merits:**

a. Declare that the plaintiff has validly rescinded the Transactions, Contracts, Promissory Notes and Deeds of Trusts that the defendant's security interests are therefore void and the defendant's secured claims are disallowed on the properties at 1605 East Greenbriar Lane, Brea, California 92821; 80 Terra Vista, Dana Point, California 92629; 252,254 Wave Street, Laguna Beach, California 92651; Corresponding Defendants shall immediately deliver original documents to plaintiff on his name, with a certified copy to the clerk to be filed on this court of a duly executed and acknowledged grant deed and quitclaim deed of the corresponding properties to the plaintiff's mail address: 2500 E Imperial Hwy #201-144 Brea, CA 92821, which Plaintiff shall immediately record In the office of the recorder of the county.

b. Declare that the defendant's failure to honor the plaintiff's valid rescission notices in accordance with the dictates of 15 USC §1635 and California Law, vests in the plaintiff the right to retain the net loan proceeds and that the defendants have not allowable unsecured claims on the properties at 1605 East Greenbriar Lane, Brea, California 92821; 80 Terra Vista, Dana Point, California 92629; 252,254 Wave Street, Laguna Beach, California 92651;

c. Enter an order discharging the defendant's second Promissory Notes and Deeds of Trust on the properties at 1605 East Greenbriar Lane, Brea, California 92821; 80 Terra Vista, Dana Point, California 92629; 252,254 Wave Street, Laguna Beach, California 92651;