

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>EDGART GONZALEZ,<br><br>        Debtor. | Case No. LA 08-16921-ER<br><br>Chapter 7 |
| EDGART GONZALEZ,<br><br>        Plaintiffs,<br><br>v.<br><br>HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR HOME EQUITY LOAN TRUST SERIES ACE 2005-HE7, AMERICA'S SERVICING COMPANY, AURORA LOAN SERVICES LLC, EMC MORTGAGE CORPORATION, HOME CAPITAL FUNDING, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE HOME COMMINGS FINANCIAL, MANDALAY MORTGAGE, LLC, NATIONAL CITY BANK, FIRST AMERICAN TITLE INSURANCE COMPANY - FIRST AMERICAN LOAN STAR TRUSTEE SERVICES, QUALITY LOAN SERVICE CORP, ETS SERVICES LLC, RSVP FORECLOSURES,<br><br>        Defendants. | Adv. No. 08-01756 ER<br><br>MEMORANDUM OF DECISION RE MOTIONS TO DISMISS FILED BY HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR HOME EQUITY TRUST SERIES ACE 2005-HE7, WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A. DBA AMERICA'S SERVICING COMPANY, U.S. BANK AND RSVP FORECLOSURES<br><br>Date:  January 21, 2009<br>Time:  10:00 a.m.<br>Place: Courtroom 1568<br>       255 E. Temple Street<br>       Los Angeles, CA 90012 |

On January 21, 2009, the Court held continued hearings on HSBC'S and ASC'S Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for More Definite Statement ("HSBC Motion"), U.S. Bank's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for a More Definite Statement ("U.S. Bank Motion"), and RSVP's Motion to Dismiss Plaintiff's Complaint ("RSVP Motion")[1] (collectively "Motions" or "Motions to Dismiss"). Appearances were as set forth on the record.

After hearing argument, the Court took these matters under submission. A decision in this matter has been delayed due to events described below that transpired prior to and since the January 21st hearings. For the reasons set forth fully below, the Court grants the Motions to Dismiss.

# I
# PROCEDURAL BACKGROUND

Debtor filed for chapter 7 relief on May 19, 2008. HSBC Bank USA National Association as Trustee for Home Equity Loan Trust Series ACE 2005-HE7 ("HSBC") obtained relief from stay with respect to real property located at 1605 East Greenbriar Lane, Brea, California ("Brea Property"), pursuant to an order entered on July 21, 2008. On September 16, 2008, Debtor filed a Verified Complaint Objecting to Secured Claims ("Complaint") against HSBC, America's Servicing Company ("ASC"), U.S. Bank National

---

[1] At a status conference in this adversary proceeding on January 15, 2009, the Court granted RSVP Foreclosures' ("RSVP") oral request to have a motion to dismiss this action heard on shortened time. Debtor was present at this status conference. On January 16, 2009, the Court entered an order shortening time permitting RSVP's Motion to Dismiss Plaintiff's Complaint ("Motion") to be heard on January 21, 2009, along with other motions to dismiss.

Association as Trustee ("U.S. Bank"), RSVP Foreclosures ("RSVP") and others.

### A. Events Prior and Subsequent to the January 21st Hearings.

On the day of the January 21st hearings, Debtor filed a First Amended Verified Complaint ("Amended Complaint") against HSBC, Wells Fargo Home Mortgage, a division of Wells Fargo Bank N.A. dba ASC, U.S. Bank and RSVP (collectively "Defendants") and others. Pursuant to an order entered on January 28, 2009 ("January 28th Order"), the Court acknowledged Debtor's ability to amend the Complaint without leave, except with respect to RSVP which filed an answer to the Complaint. Although the Motions seek dismissal of the Complaint, the Court's review of the Amended Complaint indicates that Debtor made no substantive changes to the original causes of action. Since the arguments in the Motions can be readily applied to the Amended Complaint, the Court shall treat the Motions as seeking dismissal of the Amended Complaint.

Prior to the January 21st hearings, Debtor filed an amended Schedule C ("Amendment") in which he attempted to exempt this action, presumably to rectify the standing issues raised in the Motions to Dismiss. The Court was not aware of the Amendment at the time of the January 21st hearing, but first discovered it while reviewing the docket in preparing a decision on the Motions to Dismiss. Because no party addressed the impact of this new development on the pending Motions to Dismiss, the January 28th Order instructed the parties to file briefs discussing whether the new exemption conferred standing on Debtor to pursue this action. The defendants timely filed their briefs objecting to

-3-

the amended exemption.

On March 25, 2009, the Court held a hearing on the objections to Debtor's exemption. Debtor appeared with counsel who argued that the objections were moot due to a second amendment to Schedule C filed by Debtor on January 23, 2009 ("Second Amendment"). The Court was unaware of the Second Amendment at the time of the March 25th hearing and sustained the objections to Debtor's exemption. Subsequent to the hearing, the Court discovered the Second Amendment on the docket, and on March 30, 2009, entered an order *sua sponte* striking the tentative ruling sustaining the objections and set a further briefing schedule on the issue.

In a separate Memorandum of Decision, the Court overruled the objections and allowed Debtor's current exemption in this action, rendering Defendants' challenges to Debtor's standing moot. Since the standing issue has been resolved, the Court will now consider the other basis for dismissal set forth in the Motions.

**B.    The Motions to Dismiss and Opposition Thereto.**

U.S. Bank, HSBC and ASC currently seek dismissal of this adversary proceeding and argue:

> 1.    "In the [Amended] Complaint, [Debtor] seeks to delay or avoid foreclosure on each of his three properties. [Debtor] does not contend that he did not receive cash or financing from each of the named lenders or that he is current on any of his seven loans burdening [his three properties]. Instead, [Debtor] asserts a scattershot of allegations roughly aimed at challenging the enforceability of the notes and deeds of trust. In other words, [Debtor] seeks a windfall despite his failure to timely pay on his mortgages." HSBC Motion at 1; U.S. Bank Motion at 1.
>
> 2.    A plaintiff must offer to pay the secured debt

-4-

before challenging a foreclosure. "In this case, the Debtor's bankruptcy filings show an absolute inability to tender. The Debtor's liabilities exceed his assets by more than $800,000. . . . All of the Debtor's real estate is fully encumbered by liens and the Debtor possessed only $765 in cash on the Petition Date. Additionally, the Debtor's net monthly income is negative. The Debtor's Schedule J projects a monthly cash shortfall of $3,004.02." HSBC Motion at 7; U.S. Bank Motion at 7. Consequently, Debtor's inability to tender is a complete bar to the causes of action in the Complaint.

The result is the same for the TILA claims. "In the Ninth Circuit, a claim for rescission can be dismissed for an inability to return the received monies even before the Court determines the merits of whether a right to rescind exists, where it is clear that a borrower is unable to enforce the rescission by returning the loan proceeds. [*Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003)]." HSBC Motion at 10 (citation omitted); U.S. Bank Motion at 10 (citation omitted).

3. None of Debtor's nineteen TILA and common law causes of action in the Amended Complaint reference ASC. "Accordingly, Plaintiff fails to allege a [short] and plain statement [as required by Fed.R.Civ.P. 8(a)] entitling him to recover any relief as to . . . ASC." HSBC Motion at 11. The Court notes that HSBC is mentioned only in Counts XIII, XIV-XVII and XVIII, and U.S. Bank is referenced only in Counts in XIII and XVIII.

4. Debtor's TILA claims are time-barred. Pursuant to 15 U.S.C. § 1635(f), an obligor's right of rescission expires three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first. The note and second deed of trust for the Brea Property were signed on September 2, 2005. The note and second deed of trust on Dana Point Property were signed on August 19, 2005. Debtor filed the Complaint on September 18, 2008.

5. Debtor's claims regarding "holder of the note" must fail because a trustee's sale is pursuant to the power of sale in the contract. "[T]here is no requirement that the note be produced before conducting a trustee's sale. To the contrary, the entire trustee's sale process is governed entirely by the Note and Deed of Trust and by Civil Code section 2924, et seq. No requirement to produce the note exists in either the Note and Deed of Trust or the Civil Code." HSBC Motion at 12; U.S. Bank Motion at 12.

6. Alternatively, the Court should require Debtor to

-5-

provide a more definite statement.

RSVP joins in the Motions filed by HSBC, ASC and U.S. Bank and further asserts that the Complaint should be dismissed as to it, because

> there is no basis for [Debtor] to maintain the causes of action in the Complaint and no basis to challenge the foreclosures of the [Brea Property]. Since RSVP did nothing more than act as the agent of the foreclosure trustee, LOANSTAR, to conduct, post and publish the foreclosure notice, and since no wrongdoing is alleged by RSVP, RSVP should be dismissed for the reasons specified in the Lenders' Motions, which confirm that Plaintiff has not stated sufficient claims to set aside the foreclosure sale.

Memorandum of Points and Authorities in Support of RSVP Motion at 3.

In opposition, Debtor argues that:

1.  The Motions contain "boilerplate allegations . . . that [Debtor] has somehow failed to allege facts with sufficient particularity against them. It strains credulity that somehow *every single one of [the] 19 causes of action* contained in [the Complaint] . . . is not specific and detailed enough for the pleadings stage." Opposition at 4-5.

2.  This Court has jurisdiction. <u>In re Fietz</u>, 852 F.2d 455, 457 (9th Cir. 1988), "clearly shows that the bankruptcy court has proper jurisdiction here, in this matter in which 'the outcome of [this] proceeding could conceivably have any effect' on the debtor's rights liabilities, options, or freedom of action, either positively or negatively. Certainly, the loss of any or all of the [Debtor's] properties will have a *profound* effect on the debtor's rights, liabilities, options AND freedom of action. Moreover, should [Debtor] prevail in his claims against these defendants, there will be funds made available in any award against these defendants for the bankruptcy trustee and estate to administer." Opposition at 6-7.

-6-

## II
## DISCUSSION

**A. Since none of the causes of action assert a claim against ASC, the Amended Complaint is dismissed as to this defendant.**

The Ninth Circuit has provided that in determining a Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)") dismissal, the allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff. "'Dismissal is improper unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Blyler v. Hemmeter (In re Hemmeter), 242 F.3d 1186, 1189 (9th Cir. 2001) (citations omitted). As noted above, none of the causes of action in the Amended Complaint mention ASC. Consequently, since Debtor failed to state *any* claim against ASC and had an opportunity to do so when he filed the Amended Complaint *after* the filing of the Motions to Dismiss, the Amended Complaint should be dismissed as to ASC pursuant to Rule 12(b)(6).

**B. Count XIII in the Amended Complaint is dismissed as to HSBC and U.S. Bank.**

Count XIII in the Amended Complaint asserts that HSBC and U.S. Bank (and others not the subject of these Motions) failed to honor Debtor's rescission of the underlying loan transactions in violation of TILA and California law. As noted above, Defendants contend that Debtor's TILA claims fail, because of Debtor's inability to tender the monies loaned. Specifically, under 15

-7-

U.S.C. § 1635(b),[2] rescission can be conditioned upon tender by the borrower of the property received. HSBC and U.S. Bank rely on the Ninth Circuit's decision in <u>Yamamoto v. Bank of New York</u>, 329 F.3d 1167, 1173 (9th Cir. 2003) which provides:

> As a rescission under § 1635(b) is an on-going process consisting of a number of steps, there is no reason why a court that may alter the sequence of procedures *after* deciding that rescission is warranted, may not do so *before* deciding that rescission is warranted when it finds that, assuming grounds for rescission exist, rescission still could not be enforced because the borrower cannot comply with the borrower's rescission obligations no matter what. Such a decision lies within the court's equitable discretion, taking into consideration all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds. If, as was the case here, it is clear from the evidence that the borrower lacks capacity to pay back what she has received (less interest, finance charges, etc.), the court does not lack discretion to do before trial what it could do after.

<u>Yamamoto</u>, 329 F.3d at 1173.

HSBC and U.S. Bank assert that Debtor will not be able to tender based on information in Debtor's schedules. Specifically, Debtor's schedules indicate that Debtor's liabilities exceed his assets by more than $800,000.00, his real estate is fully encumbered, his cash on hand as of the petition date was $765.00 and his monthly expenses exceed his income by approximately

---

Section 1635(b) provides in relevant part:
   . . . Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given . . . and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. . . . Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. . . .

-8-

$3,000.00. HSBC Motion at 7; U.S. Bank Motion at 7. At the hearing, Debtor appeared to argue that he had an "option" to refinance the property[3] which presumably would have allowed him to tender, but that the "denial" of the rescission "stopped" the option to refinance. Debtor, however, presented no evidence of this potential refinance or that the amount refinanced would be sufficient to cover the tender.

Based on the foregoing, since the record indicates that Debtor will not be able to tender the amounts loaned, his TILA claims fail. Since Count XIII is the only TILA claim asserted against HSBC and U.S. Bank, it is dismissed as to these defendants.[4]

**C.   Counts XIV through XVII are dismissed as to HSBC.**

At counts XIV through XVII of the Amended Complaint, Debtor appears to assert that HSBC committed a fraud in attempting to foreclose on the Brea Property, because it did not own the note

---

[3] Debtor did not specify which real property he intended to refinance.

[4] Defendants also argue that Debtor's TILA claims are time barred, because Debtor did not file an action within three years of the execution of the notes and deeds of trust with respect to the Brea and Dana Point Properties. The Court, however, notes that Debtor attaches correspondences to the Amended Complaint in which he exercised his right to rescind with respect to the Brea and Dana Point Properties. These correspondences are dated May 14, 2008 and May 16, 2008 respectively and fall within the three year rescission period set forth at § 1635(f). At the hearing, Defendants' counsel stated that rescission required the filing of an action. However, counsel provided no authority for this assertion, and it appears that this issue has not been decided by the Ninth Circuit. See Hefferman v. Bitton, 882 F.2d 379, 384-85 (9th Cir. 1989) (Ninth Circuit declined to decide whether exercise of rescission required filing of lawsuit, or whether notice was sufficient.).

-9-

and deed of trust or hold in due course the security agreement. Complaint at 29. The Court, however, takes *sua sponte* judicial notice of the assignment of deed of trust which was attached as Exhibit C to HSBC's motion for relief from stay filed on June 5, 2008 and granted pursuant to an order entered on July 21, 2008. The assignment evidences HSBC's interest in the Brea Property. Consequently, counts XIV through XVII are also dismissed as to HSBC.

D.  **Count XVIII is dismissed as to HSBC and U.S. Bank.**

With respect to the final claim in which HSBC and U.S. Bank are referenced, Count XVIII, Debtor appears to assert that these defendants should be precluded from conducting trustee sales of the Brea Property and property located at 80 Terra Vista, Dana Point, CA ("Dana Point Property")[5] because of alleged TILA violations and because these defendants have not proven they "are the owners and holders in due course of the Promissory Notes and Deeds of Trust." Amended Complaint at 42. Debtor specifically requests, in part, that the Court grant an injunction "to stay, cancel or set aside the foreclosure, Sale and/or eviction proceedings in the [Brea and Dana Point Properties]." Id. However, as discussed above, Debtor's TILA violation arguments fail because of his inability to tender; consequently, sales of the properties at issue cannot be precluded on this ground as to either HSBC or U.S. Bank.

Based on the language of the Amended Complaint, the second

---

[5] Debtor associates U.S. Bank with the second trust deed against the Dana Point Property. See Amended Complaint at 14 and 26.

-10-

basis for the preclusion of any sale/eviction appears to be directed toward those entities which have sought and obtained relief from stay. Specifically, Count XVIII provides that HSBC and others filed motions for relief from stay with respect to all his properties, including the Brea and Dana Point Properties. Debtor asserts that these parties lacked standing to seek such relief because they failed to prove their status as owners and holders in due course of the relevant deeds of trust and notes; consequently, any resulting sale or eviction should be precluded. Amended Complaint at 41-42. As discussed above, in granting relief from stay with respect to the Brea Property, the Court has already found that HSBC has made the requisite showing regarding its interest in the Brea Property. Therefore, there is no basis to preclude any sale or eviction by HSBC on this ground.

U.S. Bank was not part of Count XVIII in the original Complaint, but was added to it in the Amended Complaint. The record, however, indicates that U.S. Bank has never sought relief from stay and there are no allegations in the Amended Complaint that this defendant is in the process of selling or has sold any of the Debtor's properties or taken any other action (i.e., eviction) with respect to the Dana Point Property. In sum, there is no sale/eviction to preclude with respect to U.S. Bank.

Based on the foregoing, Count XVIII is dismissed as to both HSBC and U.S. Bank.

**E.    The Complaint is dismissed as to RSVP.**

As noted above and in the January 28th Order, Debtor cannot amend the Complaint without leave with respect to RSVP, because RSVP filed an answer. Consequently, the Court shall not consider

1 | any references to RSVP in the Amended Complaint. The Complaint
2 | makes one reference to RSVP at page 36, but alleges no
3 | wrongdoing. RSVP has clarified that it was only acting as the
4 | agent of the foreclosure trustee in the apparent sale of the Brea
5 | Property. Based on the foregoing, the Complaint is dismissed as
6 | to RSVP.

### III
### CONCLUSION

Based on the foregoing, the Motions to Dismiss filed by HSBC, ASC, U.S. Bank and RSVP are granted. The Court shall prepare orders in accordance with this Memorandum of Decision.

DATED: June 3, 2009

*/s/ Ernest M. Robles*
ERNEST M. ROBLES
United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

I, _E. Walter_, hereby certify that on _6/4/09_, I sent by regular mail a true copy of the Memorandum of Decision Re Motions to Dismiss filed by HSBC Bank USA National Association as Trustee for Home Equity Trust Series ACE 2005-HE7, Wells Fargo Home Mortgage, a Division of Well Fargo Bank, N.A. dba America's Servicing Company, U.S. Bank and RSVP Foreclosures on the parties at the addresses listed below:

**Debtor's Counsel:**
Jerome Edelman, Esq.
17671 Irvine Blvd., Ste. 220
Tustin, CA 92780

**Debtor:**
Edgart F Gonzalez
2500 E. Imperial Highway #201-144
Brea, CA 92821

**Counsel for HSBC, ASC and U.S. Bank:**
Jeffrey S. Gerardo, Esq.
Kutak Rock LLP
18201 Von Karman, Ste. 1100
Irvine, CA 92612

Peter J. Barrett, Esq.
Kutak Rock LLP
Bank of America Center, Ste. 800
1111 East Main Street
Richmond, VA 23219-3500

**Counsel for RSVP:**
Spencer Scheer, Esq.
Scheer Law Group, LLP
155 N. Redwood Drive, Ste. 100
San Rafael, CA 94903

**Chapter 7 Trustee:**
Jason M. Rund
840 Apollo St., Ste. 351
El Segundo, CA 90245

- 13 -