

ENTERED

JUN – 4 2009

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

FILED

JUN – 3 2009

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>EDGART GONZALEZ,<br><br>           Debtor.<br><br>EDGART GONZALEZ,<br><br>        Plaintiffs,<br><br>        v.<br><br>HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR HOME EQUITY LOAN TRUST SERIES ACE 2005-HE7, AMERICA'S SERVICING COMPANY, AURORA LOAN SERVICES LLC, EMC MORTGAGE CORPORATION, HOME CAPITAL FUNDING, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE) HOME COMmINGS FINANCIAL, MANDALAY MORTGAGE, LLC, NATIONAL CITY BANK, FIRST AMERICAN TITLE INSURANCE COMPANY - FIRST AMERICAN LOAN STAR SERVICES, QUALITY LOAN SERVICE CORP, ETS SERVICES LLP, RSVP FORECLOSURES,<br><br>        Defendants. | Case No.  LA 08-16921-ER<br><br>Chapter 7<br><br><br>Adv. No. 08-01756 ER<br><br><br>MEMORANDUM OF DECISION RE MOTIONS TO DISMISS FILED BY HOMECOMINGS FINANCIAL, AURORA LOAN SERVICES LLC AND NATIONAL CITY BANK<br><br>Date:    January 21, 2009<br>Time:    10:00 a.m.<br>Place:   Courtroom 1568<br>        255 E. Temple St.<br>        Los Angeles, CA 90012 |

1      On January 21, 2009, the Court held continued hearings on

2 Aurora Loan Services LLC'S Motion to Dismiss for Failure to State

3 a Claim Upon Which Relief Can be Granted, Lack of Subject Matter

4 Jurisdiction, and Insufficient Service of Process or, in the

5 Alternative, for a More Definite Statement ("Aurora Motion"),

6 National City Bank's Motion to Dismiss for Failure to State a

7 Claim Upon Which Relief Can be Granted, Lack of Subject Matter

8 Jurisdiction, and Insufficient Service of Process or, in the

9 Alternative, for a More Definite Statement ("National Motion")

10 and Homecomings Financial, LLC F/K/A Homecomings Financial

11 Network, Inc.'s Motion to Dismiss for Failure to State a Claim

12 Upon Which Relief Can be Granted, Lack of Subject Matter

13 Jurisdiction, and Insufficient Service of Process or, in the

14 Alternative, for a More Definite Statement ("Homecomings'

15 Motion") (collectively "Motions" or "Motions to Dismiss").

16 Appearances were as set forth on the record.

17      After hearing argument, the Court took these matters under

18 submission.  A decision in this matter has been delayed due to

19 events described below that transpired prior to and since the

20 January 21st hearings. For the reasons set forth fully below, the

21 Court grants the Motions to Dismiss.

22 **I**
**PROCEDURAL BACKGROUND**

23

24      Debtor filed for chapter 7 relief on May 19, 2008.  On

September 16, 2008, Debtor filed a Verified Complaint Objecting

25

to Secured Claims ("Complaint") against Homecomings Financial

26

27

28

-2-

1  ("Homecomings")[1], Aurora Loan Services LLC ("Aurora"), National

2  City Bank ("National") and others.  Homecomings holds a first

3  trust deed on real property located at 252 254 Wave Street,

4  Laguna Beach, California ("Property"), and obtained relief from

5  stay through its servicing agent, Aurora Loan Services LLC

6  ("Aurora"), on October 3, 2008. National City Bank ("National")

7  holds the second trust deed against the Property.

8  **A.    Events Prior and Subsequent to the January 21st Hearings.**

9       On the day of the January 21st hearing, Debtor filed a First

10  Amended Verified Complaint ("Amended Complaint") against

11  Homecomings, Aurora, National (collectively "Defendants") and

12  others. Pursuant to an order entered on January 28, 2009

13  ("January 28th Order"), the Court acknowledged Debtor's ability to

14  amend the Complaint without leave, except with respect to one

15  answering defendant.  Although the Motions seek dismissal of the

16  Complaint, the Court's review of the Amended Complaint indicates

17  that Debtor made no substantive changes to the original causes of

18  action.  Since the arguments in the Motions can be readily

19  applied to the Amended Complaint, the Court shall treat the

20  Motions as seeking dismissal of the Amended Complaint.

21       Prior to the January 21st hearings, Debtor filed an amended

22  Schedule C ("Amendment") in which he attempted to exempt this

23  action, presumably to rectify the standing issues raised in the

24  Motions to Dismiss.  The Court was not aware of the Amendment at

25  the time of the January 21st hearing, but first discovered it

26

27       [1]The caption of the Complaint includes "Home Commings
Financial" as a defendant. The Court assumes that this defendant is
28  Homecomings Financial Network, Inc..

-3-

1  while reviewing the docket in preparing a decision on the Motions

2  to Dismiss.  Because no party addressed the impact of this new

3  development on the pending Motions to Dismiss, the January 28th

4  Order instructed the parties to file briefs discussing whether

5  the new exemption conferred standing on Debtor to pursue this

6  action.  The defendants timely filed their briefs objecting to

7  the amended exemption.

8       On March 25, 2009, the Court held a hearing on the

9  objections to Debtor's exemption.  Debtor appeared with counsel

10 who argued that the objections were moot due to a second

11 amendment to Schedule C filed by Debtor on January 23, 2009

12 ("Second Amendment").  The Court was unaware of the Second

13 Amendment at the time of the March 25th hearing and sustained the

14 objections to Debtor's exemption.  Subsequent to the hearing, the

15 Court discovered the Second Amendment on the docket, and on March

16 30, 2009, entered an order *sua sponte* striking the tentative

17 ruling sustaining the objections and set a further briefing

18 schedule on the issue.

19      In a separate Memorandum of Decision, the Court overruled

20 the objections and allowed Debtor's current exemption in this

21 action, rendering Defendants' challenges to Debtor's standing

22 moot.  Since the standing issue has been resolved, the Court will

23 now consider the other basis for dismissal set forth in the

24 Motions.

25 **B.   The Motions to Dismiss and Opposition Thereto.**

26      Homecomings, Aurora and National seek dismissal of this

27 adversary proceeding and argue:

28      1.   The Amended Complaint must be dismissed due to lack of

subject matter jurisdiction.  Debtor's claims against
Defendants do not "arise under" title 11.  Debtor
"asserts claims for fraud, breach of contract,
misrepresentation, violations under TILA, and ultimately
requests rescission of various loan transactions and the
cancellation of prospective foreclosure sales.  These
claims are based upon non-bankruptcy law and are not
created or determined by a statutory provision of the
Bankruptcy Code."  Homecomings P&A at 7; National P&A at
7; Aurora P&A at 11 (To the extent that the Amended
Complaint seeks relief against Aurora, "it appears that
[Debtor] asserts a claim for fraud and requests the
court to set aside the foreclosure and/or cancel the
sale of the Subject Property.").

Debtor's claims are also not "related to" Debtor's
bankruptcy case.  "Since [Debtor's] Chapter 7 bankruptcy
case does not contemplate reorganization, the outcome of
[Debtor's] causes of action will have no effect on the
administration of the bankruptcy estate."  P&A at 8;
National P&A at 8; Aurora P&A at 11-12.  In addition,
there is no ancillary or pendent jurisdiction over
Debtor's claims.  "It is arguable that the facts alleged
in the Complaint are not factually interdependent upon
[Debtor's] bankruptcy case, but are, instead, primarily
based upon independent facts allegedly existing prior to
and outside the bankruptcy context.  Moreover, because
federal courts shall give deference to state courts on
matters of state law, adjudication of the claims in
bankruptcy court defeats judicial efficiency and
fairness to the parties.  Therefore, ancillary
jurisdiction is not invoked in the instant action.
Finally, pendant jurisdiction is improper because,
again, [Debtor's] claims are not related to the federal
bankruptcy case but, rather, are independent claims
based upon laws that exist outside of the bankruptcy
context."  Homecoming P&A at 9; National P&A at 9;
Aurora P&A at 13.

2.      Debtor fails to state claims upon which relief can
be granted.

3.      Debtor improperly served the summons and Amended
Complaint.  Debtor has not served Homecomings, Aurora
and/or National's agent for service of process with
notice of this action within the time proscribed by
Fed.R.Bankr.P. 7004(e).

4.      Debtor's "factual allegations and legal theories
are so convoluted that this answering Defendant is
unable to ascertain what causes of action are being
asserted against it in order to properly respond to the
allegations.  Accordingly, to the extent that the Court
does not dismiss [Debtor's] claims as they relate to
[Homecomings, Aurora and/or National] it should order
[Debtor] to amend his [Amended] Complaint to clearly

-5-

assert specific facts comprising distinct and cognizable
causes of action against [Homecomings, Aurora and/or
National]." Homecoming P&A at 17; National P&A at 18;
Aurora P&A at 13-14.

In opposition, Debtor argues that:

1.    The motions contain "boilerplate allegations . . .
that [Debtor] has somehow failed to allege facts with
sufficient particularity against them. It strains
credulity that somehow *every single one of [the] 19
causes of action* contained in [the Complaint] . . . is
not specific and detailed enough for the pleadings
stage." Opposition at 4-5.

2.    This Court has jurisdiction. <u>In re Fietz</u>, 852 F.2d
455, 457 (9th Cir. 1988), "clearly shows that the
bankruptcy court has proper jurisdiction here, in this
matter in which 'the outcome of [this] proceeding could
conceivably have any effect' on the debtor's rights
liabilities, options, or freedom of action, either
positively or negatively. Certainly, the loss of any or
all of the [Debtor's] properties will have a *profound*
effect on the debtor's rights, liabilities, options AND
freedom of action. Moreover, should [Debtor] prevail in
his claims against these defendants, there will be funds
made available in any award against these defendants for
the bankruptcy trustee and estate to administer."
Opposition at 6-7.

## II
## DISCUSSION

A.    **Dismissal is warranted due to insufficient service pursuant
to Fed.R.Civ.P. 4(m).**[2]

Fed.R.Civ.P. 4 provides in relevant part:

(e) . . .Unless federal law provides otherwise, an
individual . . . may be served in a judicial district of
the United States by:

(1) following state law for serving a summons in an
action brought in courts of general jurisdiction in the
state where the district court is located or where
service is made;

. . .

---

[2]Contrary to the moving parties' assertions, the Court finds
that if Debtor had properly and timely served the summons and
Amended Complaint, it would have "related to" jurisdiction over
this matter.

1        (h) Serving a Corporation . . . or Association. Unless
2   federal law provides otherwise or the defendant's waiver has
    been filed, a domestic or foreign corporation, . . . or other
3   unincorporated association must be served:

4        (1) in a judicial district of the United States;
             (A) in the manner prescribed by Rule 4(e)(1) for
5            serving an individual; or

6            (B) by delivering a copy of the summons and of the
             complaint to an officer, a managing or general
7            agent, or any other agent authorized by appointment
             or by law to receive service of process and - if
8            the agent is one authorized by statute and the
             statute so requires - by also mailing a copy of
9            each to the defendant;

    . . .
10       (m) Time Limit for Service.  If a defendant is not
    served within 120 days after the complaint is filed, the
11  court - on motion or on its own after notice to the plaintiff
    - must dismiss the action without prejudice against that
12  defendant or order that service be made within a specified
    time.  But if the plaintiff shows good cause for the failure,
13  the court must extend the time for service for an appropriate
    period.

14  Defendants originally asserted that the Complaint should be

15  dismissed due to insufficient service of process.  Specifically,

16  Defendants contend that Debtor did not serve Defendants'

17  respective officers or agents for service of process. This

18  argument is applicable to the Amended Complaint as well.  The

19  Court's review of the proof of service of the alias summons and of

20  the Amended Complaint indicates that Debtor did not comply with

21  the service requirements of Rule 4(h)(1) or Cal.C.Civ.P. § 416.10.

22  Moreover, Debtor has not demonstrated good cause for his failure

23  to timely and properly serve Defendants.  Consequently, since the

24  Defendants were not properly served within 120 days after the

25  Amended Complaint was filed, the Court dismisses this action

26  pursuant to Rule 4(m).

27

28

**c.  Alternatively, even if Debtor had properly and timely served the Defendants, dismissal would be warranted for failure to state a claim upon which relief can be granted.**

The Ninth Circuit has provided that in determining a Rule 12(b)(6) dismissal, the allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff. "'Dismissal is improper unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Blyler v. Hemmeter (In re Hemmeter), 242 F.3d 1186, 1189 (9th Cir. 2001) (citations omitted). Even if Debtor had properly and timely served Defendants, the dismissal is warranted pursuant to Rule 12(b)(6) for the following reasons:[3]

1. Count I - Misrepresentation (Against Homecomings and National): In this claim, Debtor seems to allege that through "various misrepresentations" Homecomings and National failed to disclose the use of a loan broker in their transaction and failed to provide Debtor with any loan brokerage or commission agreement prior to the closing. Amended Complaint at 32. Debtor, however, has failed to plead any alleged fraud with particularity as required by Fed.R.Civ.P. 9(b). Specifically, Debtor fails to identify the misrepresentations made and/or when and where they were allegedly made. Debtor also fails to demonstrate that any such misrepresentation was made with knowledge of its falsity and/or that he justifiably relied on such statements.

2. Count II - Breach of Contract (Against Homecomings and National): In this claim, Debtor references interest rates and "rate buydowns," but does not identify any possible contract which could have been breached. Therefore, the Court agrees with Homecoming and National that Debtor "fails to address any of the elements necessary to find liability under a claim for breach of contract, nor do any such facts exist for Plaintiff to allege all the elements to support a claim for breach of contract." Homecoming P&A at 11; National P&A at 11.

---

[3]The Court further notes that Debtor has had an opportunity to remedy the foregoing when he filed the Amended Complaint *after* the filing of the Motions to Dismiss, but failed to do so.

3. **Count III - Violation of California Law**: Other than referencing "California Unfair and deceptive practice laws, Contract Law, and further related State Law," Debtor fails to cite the specific California law that was violated or to assert how Defendants violated such law. Amended Complaint at 33.

4. **Counts IV through XIII - TILA Violations**: Debtor's claims under the Truth In Lending Act are based on a right to rescind set forth at 15 U.S.C. § 1635(a). Section 1635(a) provides that this right arises in a consumer credit transaction which involves a security interest in property which is used as the principal dwelling of the person seeking credit. "According to the [Amended] Complaint, [Debtor] resides at 1605 East Greenbriar Lane, Brea, CA . . . [The Amended] Complaint further provides that he has 'occupied' the rest of his properties, which presumably includes the [Property], alternatively over the same four to seven year period. . . . Although [Debtor] asserts that he has occupied the [Property] since the inception of the Subject Loan, the Complaint is devoid of any allegations that he has ever maintained the [Property] as his principal dwelling. Additionally, [Debtor] lists 1602 W. 6th Street, Los Angeles, CA . . . as his address in his Chapter 7 bankruptcy petition. . . . Furthermore, [Debtor's] Statement of Financial Affairs, which [Debtor] filed under penalty of perjury and which require the debtor to list any prior addresses within three years of filing the bankruptcy petition, fail to include any addresses different than the 6th Street Property." Homecomings P&A at 13; National P&A at 12-13. The Court takes judicial notice of the Complaint, Debtor's petition and Statement of Financial Affairs. Since the record does not support a finding that the Property is Debtor's principal dwelling, the Court agrees with Defendants that Debtor's TILA claims must fail.

5. **Counts XIV, XV, XVI and XVII - "Fraud for Standing and/or Subject Matter Jurisdiction on: The Relief From the Automatic Stay, The Foreclosure, The Trustee Sale and the Eviction Proceedings (Against Aurora)**: Debtor appears to allege that Aurora "committed fraud in that at the beginning of the foreclosure, [Aurora] did not own . . . the [deed of trust and note] . . . nor have the requisite power to represent the real party in interest, nor did [Aurora] allege facts in support thereof." Amended Complaint at 39. The record indicates, however, that Aurora is the servicing agent for Homecomings. Consequently, Debtor cannot demonstrate that Aurora committed fraud because it was authorized to act on behalf of Homecomings; there is no allegation that Aurora falsely held itself out as the holder in due course with respect to the Property.

1      6.   <u>Count XVIII - Preclusion of Trustee Sale</u>: As noted above, since Debtor will not prevail in his TILA causes of action and since the Court finds that Aurora was authorized to act on behalf of Homecomings as its servicing agent, there is no basis to preclude any pending sale of the Property.

**III**
**CONCLUSION**

Based on the foregoing, the Motions to Dismiss filed by Aurora, National and Homecomings are granted.  The Court shall prepare orders in accordance with this Memorandum of Decision.


DATED: June 3, 2009



ERNEST M. ROBLES
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I, _____E. Walter_____, hereby certify that on _____6/4/09_____, I sent by regular mail a true copy of the Memorandum of Decision Re Motions to Dismiss Filed by Homecomings Financial, Aurora and National City Bank on the parties at the addresses listed below:

**Debtor's Counsel:**
Jerome Edelman, Esq.
17671 Irvine Blvd., Ste. 220
Tustin, CA 92780

**Debtor:**
Edgart F Gonzalez
2500 E. Imperial Highway #201-144
Brea, CA 92821

**Counsel for Homecomings, Aurora and National:**
Brian Paino, Esq.
Pite Duncan, LLP
4375 Jutland Drive, Ste. 200
San Diego, CA 92117

**Chapter 7 Trustee:**
Jason M. Rund
840 Apollo St., Ste. 351
El Segundo, CA 90245

- 11 -