FILED & ENTERED

AUG 27 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Edgart F. Gonzalez,<br><br><br><br><br><br>Debtor(s), | Case No.: 2:08-bk-16921-ER<br><br>Adversary No.: 2:08-ap-01756-ER<br><br>Chapter: 7<br><br>MEMORANDUM OF DECISION |
| Edgart F. Gonzalez<br><br>Plaintiff(s),<br><br>Vs.<br><br>AMERICA'S SERVICING COMPANY,  Aurora Loan Services LLC,  Aurora Loan Services LLC,  Aurora Loan Services LLC, Homecomings Financial, LLC and National City Bank,  EMC Mortgage Corporation,  ETS ServicesLLC,  First American Title Insurance- First American Loanstar Trustee Services,  Home Capital Funding,  Home Commings Financial,  Homecomings Financial, LLC f/k/a Homecomings Financial Network, Inc, HSBC Bank USA National Asociation as Trustee for Home Equity Loan Trust Series Ace 2005-HE7,  Mandalay Mortgage LLC,  National City Bank, National City Bank,  Quality Loan Service Corp,  RSVP Foreclosures,  RSVP Foreclosures,  U.S. Bank National Association As Trustee<br><br>Defendant(s). | Date:      August 18, 2009<br>Time:     10:00 a.m.<br>Location: Courtroom 1568<br>              255 E. Temple St.<br>              Los Angeles, CA  90012 |

On August 18, 2009, the Court held a hearing on an Order to Show Cause Why

- 1

Defendants, Mandalay Mortgage LLC ("Mandalay") and ETS Services LLC ("ETS"), Should Not be Dismissed Pursuant to Fed.R.Civ.P. 4(m) ("Rule 4(m)").  Debtor appeared on his own behalf; no other appearances were made by any other party.  Prior to the hearing the Court issued a tentative ruling which dismissed this adversary as to Mandalay and ETS pursuant to Rule 4(m).

At the hearing, the Debtor made an oral request to extend the time to serve Mandalay and ETS pursuant to Rule 4(m) and asserted that he used his best effort in both cases to locate the right person to serve, but it is not easy to do so.  The Court took this matter under submission.

Rule 4(m) provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

The Ninth Circuit has provided:

> Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint.  First, upon a showing of good cause for the defective service, the court must extend the time period.  Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period.
> . . .
> When considering a motion to dismiss a complaint for untimely service, courts must determine whether good cause for the delay has been shown on a case by case basis.  We have recognized that '[a]t a minimum, 'good cause' means excusable neglect.  *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir. 1991).  In *Boudette*, we stated that a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause:  '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.
> . . .

> We find it unnecessary, however, to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m). We note only that, under the terms of the rule, the court's discretion is broad.

Oyama v. Sheehan (In re Sheehan), 253 F.3d 507, 512-13 (9th Cir. 2001) (citations omitted).

In the instant case, Debtor has not demonstrated the minimal requirements for "good cause" to extend the time to serve Mandalay and ETS. Specifically, Debtor has provided no evidence that either defendant received actual notice of this action or that they would suffer no prejudice. Sheehan, 253 F.3d at 512. In addition, the Court shall not exercise its discretion to extend the time pursuant to Rule 4(m). Debtor has provided no explanation as to why he could not have timely serve these defendants, other than stating that he made his best effort to do so, but it was not easy.

Although not raised by the Debtor, the Ninth Circuit in Sheehan also ruled that a party could also seek an extension to serve pursuant to Fed.R.Bankr.P. 9006(b) ("Rule 9006(b)"). Specifically, "Rule 9006(b) allows a court 'on motion made after the expiration of the specified period [to] permit the act to be done where the failure to act was the result of excusable neglect.'" Sheehan, 253 F.3d at 513. As in Sheehan, although Debtor has not filed a written motion to extend, the Court shall recognize Debtor's oral request at the August 18th hearing as such a motion. Sheehan, 253 F.3d at 515. The Ninth Circuit further acknowledged that:

> The Supreme Court articulated the excusable neglect standard of Rule 9006(b) in [*Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380 (1993)]. There, the Court held that, in determining the existence of excusable neglect, a court must examine four factors: '[1] the danger of prejudice to the debtor, [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.' *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489.

Sheehan, 253 F.3d at 513.

As with the "good cause" requirement in Rule 4(m), Debtor has not made the requisite showing set forth above for "excusable neglect" for an extension pursuant to Rule 9006(b).

Based on the foregoing, The Court denies Debtor's oral request for an extension of time to serve Mandalay and ETS and dismisses this adversary proceeding as to these defendants. The Court shall prepare an order consistent with this Memorandum of Decision.

###

DATED: August 27, 2009

_____
United States Bankruptcy Judge

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4**) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)  Memorandum of Decision
_____
was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of August 26, 2009 the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Ellen Cha     echa@piteduncan.com, ecfcacb@piteduncan.com
- Thomas J Holthus     bknotice@mccarthyholthus.com
- Brian A Paino     ecfcacb@piteduncan.com
- Spencer P Scheer     sscheer@scheerlawgroup.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Darlene C Vigil     darlenev@bdftw.com, cdcaecf@bdftw.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Jerome Edelman
17671 Irvine Blvd Ste 220
Tustin, CA 92780

Mandalay Mortgage LLC
330 Exchange No 250
Irvine, CA 90060-0768

**Edgart F. Gonzalez**
2500 E Imperial Hwy #201-144
Brea, CA 92821

Christine Gomez-Schwab
ETS Services LLC
2255 North Ontario Street, Ste. 400
Burbank, CA  91504

☐ Service information continued on attached page