

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

|  |  |
|---|---|
| In re<br><br>EDGART GONZALEZ,<br><br>           Debtor.<br><br>EDGART GONZALEZ,<br><br>           Plaintiffs,<br><br>      v.<br><br>HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE FOR HOME EQUITY LOAN TRUST SERIES ACE 2005-HE7, AMERICA'S SERVICING COMPANY, AURORA LOAN SERVICES LLC, EMC MORTGAGE CORPORATION, HOME CAPITAL FUNDING, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE HOME COMmINGS FINANCIAL, MANDALAY MORTGAGE, LLC, NATIONAL CITY BANK, FIRST AMERICAN TITLE INSURANCE COMPANY - FIRST AMERICAN LOAN STAR SERVICES, QUALITY LOAN SERVICE CORP, ETS SERVICES LLP, RSVP FORECLOSURES,<br><br>           Defendants. | Case No. LA 08-16921-ER<br><br>Chapter 7<br><br>Adv. No. 08-01756 ER<br><br>MEMORANDUM OF DECISION RE MOTIONS FOR DEFAULT JUDGMENTS<br><br>Date:  October 21, 2009<br>Time:  10:00 a.m.<br>Place: Courtroom 1568<br>       255 E. Temple St.<br>       Los Angeles, CA 90012 |

On October 21, 2009, the Court held a prove up hearing on Debtor's motions for default judgments against EMC Mortgage Corporation ("EMC"), Mortgage Electronic Registration Systems ("MERS") and Home Capital Funding ("HCF") (collectively "Defendants").[1] Appearances were as set forth on the record. Because of the late filed pleadings submitted in connection with the October 21st hearing, the Court took this matter under submission. For the reasons set forth fully below, the Court denies Debtor's request for default judgments against Defendants.

# I
# PROCEDURAL BACKGROUND

Debtor filed for chapter 7 relief on May 19, 2008. On September 16, 2008, Debtor filed a Verified Complaint Objecting to Secured Claims ("Complaint") against Defendants and others. Debtor amended the Complaint ("Amended Complaint") on January 21, 2009. On June 4, 2009, the Court entered orders dismissing the Amended Complaint against HSBC Bank USA National Association as Trustee for Home Equity Trust Series ACE 2005-HE7 ("HSBC"), Wells Fargo Home Mortgage, a division of Wells Fargo Bank dba America's Servicing Company ("ASC"), U.S. Bank, RSVP Foreclosures, Homecomings Financial ("Homecomings"), Aurora Loan Services, LLC ("Aurora"), and National City Bank (collectively "Dismissed Defendants").

On June 30, 2009, Debtor filed separate motions for default judgments against Defendants (collectively "Motions") and

---

[1] Debtor also sought a default judgment against National City. However, the Court dismissed National City pursuant to an order entered on November 10, 2009.

-2-

obtained defaults against Defendants on July 13, 2009. On August 21, 2009, the Court entered an order setting the Motions for hearing and requiring Debtor to file briefs in support of the Motions no later than October 14, 2009 ("Order"). Specifically, Debtor's briefs were to set forth the applicable law supporting the entry of default judgments against Defendants, as well as the damages allegedly caused by Defendants. Debtor did not file his Default Prove-Up Package in Support of Application for Default Judgment [CCP 585, CRC Rule 3.110] ("Prove-Up Package") until October 21, 2009 which was the day of the hearing.[2]

Pursuant to the Prove-Up Package, Debtor argues that a Truth in Lending Act ("TILA") violation occurred in connection with the refinancing of properties located at 1605 Greenbriar Lane, Brea, CA 92821 ("Greenbriar Property"), 252, 254 Wave Street, Laguna Beach, CA 92651 and 80 Terra Vista, Dana Point, CA 92629. Specifically, the Notices of Right to Cancel issued in connection with the refinancing "failed to disclose the date that [Debtor's]

---

[2] MERS also filed a response to the Order on September 9, 2009 and Aurora filed a reply to the motion for default judgment against MERS on October 19, 2009. On October 20, 2009, MERS also filed an Ex Parte Application in Support of Relief from Entry of Default; [Proposed] Motion to Dismiss ("Ex Parte Application") and a separate Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for a More Definite Statement ("Dismiss Motion") without a hearing date. Pursuant to the Ex Parte Application, MERS requests that the Court vacate the default against it.
The Court further notes that on October 29, 2009, EMC filed a Motion to Set Aside and Vacate Default and/or Default Judgments Entered Against Defendant EMC and MERS ("EMC Motion"), which is set for hearing on November 24, 2009.
With respect to the pleadings filed by MERS in connection with the hearing on the Motions, the Court has reviewed these pleadings, but denies the Motions on a different ground, which is discussed herein.

right to rescind would terminate, as required by Regulation Z of TILA." Prove-Up Package at 2. As a result of this alleged disclosure defect, Debtor asserts that his right to rescind the transaction was extended for an additional three years from the loan consummation and that he "rescinded the loans on or around May 14, 2008 and on or around September 2008, and specifically provided [Defendants] with notices of this rescission. As a result of the rescissions, the lender's security interests in [Debtor's] Property were rendered void under 12 C.F.R. § 226.23(a)(3)." Id.

Consequently, Debtor claims that he "is entitled to a Judgment that he is the rightful holder of title to the Properties, that [Defendants] have no right to the property in light of the rescission of the loan transactions, and that [Defendants] must transfer title and interest in the Property to Plaintiff." Prove-Up Package at 3. In addition, Debtor contends that he is entitled to damages "[g]iven that [Debtor] has rescinded the loans based on TILA violations referenced above." Id. Specifically, Debtor requests damages for "the total amount of the payments he has made on the loans, plus a refund of all finance charges assessed when the loans were originally consummated plus the RICO and Emotional Distress of himself and his family."[3] Id.

---

[3] The Court notes that the Prove-Up Package also appears to seek relief against HSBC. Specifically, Debtor asserts that "HSBC must transfer title to the Property to [Debtor] based on his rescission of the loans and the voiding of the security interests that served as the basis for HSBC acquiring title to the Property at the Trustee's sale." Prove-Up Package at 3. However, since, as noted above, HSBC was dismissed from this action on June 4, 2009, Debtor

-4-

## II
## DISCUSSION

The Ninth Circuit Bankruptcy Appellate Panel has acknowledged:

> First, it is black-letter law that entry of default does not entitle a plaintiff to judgment as a matter of right or as a matter of law. Fed.R.Civ.P. 55(b)(2), *incorporated by* Fed.R.Bankr.P. 7055 & 9014.
> Settled precedent establishes that default judgment is a matter of discretion in which the court is entitled to consider, among other things, the merits of the substantive claim, the sufficiency of the complaint, the possibility of a dispute regarding material facts, whether the default was due to excusable neglect, and the 'strong policy' favoring decisions on the merits.
> . . .
> Our own precedents recognize that default judgments are the result of a two-step process - entry of default then judgment by default - designed to assure that the plaintiff is entitled to the relief requested. If the plaintiff is not entitled to the relief requested, the court should not enter default judgment and may even enter judgment in favor of the defaulted defendant.

All Points Capital Corp. v. Meyer (In re Meyer), 373 B.R. 84, 88-89 (9th Cir. BAP 2007) (citations omitted).

The Ninth Circuit has further established that in the case of multiple defendants, as here, it would be "incongruous and unfair" to allow a plaintiff to prevail against defaulting defendants "on a legal theory rejected by the bankruptcy court with regard to the Answering Defendants in the same action." In re First T.D. & Investment, Inc., 253 F.3d 520, 532 (9th Cir. 2001). Consequently, it "follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants." Id., *citing* Frow v. De La Vega, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872).

---

cannot currently obtain any type of judgment against this defendant in this adversary proceeding.

It is not necessary that the defendants be jointly liable; the foregoing applies to defendants who are similarly situated. Id; see also Shanghai Automation Instrument Co. Ltd.,194 F.Supp.2d 995, 1008 (N.D.Cal. 2001) (Situations which demand consistency of judgments are "where the identical nature of the claims, facts, and legal issues relative to each defendant made it logically inconsistent to rule in favor of some but not others.").

The Prove-Up Package identifies TILA violations and the subsequent rescission of the related loan transactions as the bases for the proposed default judgments. Since Debtor made these arguments against the Dismissed Defendants, Defendants and the dismissed defendants are similarly situated. The Court has already determined that Debtor's TILA claims fail and rescission is unenforceable with respect to the Dismissed Defendants, because of Debtor's inability to tender and because the properties at issue[4] are not Debtor's principal dwelling. See Memorandum of Decision Re Motions to Dismiss Filed by HSBC, ASC, U.S. Bank and RSVP entered on June 4, 2009 and Memorandum of Decision Re Motions to Dismiss Filed by Homecomings, Aurora and National City Bank entered on June 4, 2009. It would, therefore, be clearly unfair and incongruous for the Court to now enter default judgments against Defendants based on a TILA violation and the enforceability of

---

[4]While the Court has only expressly found that the Greenbriar Property is not Debtor's principal dwelling. Memorandum of Decision Re Motions to Dismiss Filed by Homecomings, Aurora and National City Bank at 9. The same finding would apply to the other two properties as well, since the Debtor also did not allege in the Complaint that either property is Debtor's principal dwelling and did not list either of them as his address in his bankruptcy petition.

Debtor's alleged rescission. Consequently, the Court denies the Motions, because to do otherwise would result in inconsistent judgments.

### III
### CONCLUSION

Based on the foregoing, the Court denies the Motions and dismisses the Amended Complaint with respect to the Defendants. MERS' Ex Parte Application and motion to dismiss and the EMC Motion are rendered moot by this decision. The hearing on the EMC Motion set for November 24, 2009 is vacated. The Court shall prepare orders in accordance with this Memorandum of Decision.

DATED: November 12, 2009

_____
ERNEST M. ROBLES
United States Bankruptcy Judge

-7-

CERTIFICATE OF SERVICE

I, _E. Walter_, hereby certify that on _11/12/09_, I sent by regular mail a true copy of the Memorandum of Decision Re Motions For Default Judgments to the parties at the addresses listed below:

Debtor's Counsel:
Jerome Edelman, Esq.
17671 Irvine Blvd., Ste. 220
Tustin, CA 92780

Hieu D. Do, Esq.
Law Offices of Do & Do
14541 Brookhurst St., Ste. B-1
Westminster, CA 92683

Debtor:
Edgart F Gonzalez
2500 E. Imperial Highway #201-144
Brea, CA 92821

Counsel for Homecomings, Aurora and National:
Brian Paino, Esq.
Pite Duncan, LLP
4375 Jutland Drive, Ste. 200
San Diego, CA 92117

Counsel for EMC Mortgage Corporation and Mortgage Electronic Registration Systems, Inc.
S. Christopher Yoo, Esq.
Adorno Yoss Alvarado & Smith
1 MacArthur Place, Ste. 200
Santa Ana, CA 92707

Counsel for Mortgage Electronic Registration Systems, Inc.
Steven M. Dailey, Esq.
Kutak Rock LLP
18201 Von Karman, Ste. 1100
Irvine, CA 92612

Counsel for First American Loanstar Trustee Services
Patricia Penny, Esq.
Wright, Finlay & Zak, LLP
4665 MacArthur Court, Ste. 280
Newport Beach, CA 92660

Chapter 7 Trustee:
Jason M. Rund
840 Apollo St., Ste. 351
El Segundo, CA 90245

-8-

Home Capital Funding
3131 Camino Del Rio Norte Ste. 400
San Diego, CA 92108

_____
E. Watt (signature)

Home Capital Funding
3131 Camino Del Rio Norte Ste. 400
San Diego, CA 92108

_____
E. Watt /s/