

**FILED & ENTERED**

**DEC 18 2009**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gonzalez DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Edgart F. Gonzalez,<br><br>Debtor(s),<br><br>Edgart F. Gonzalez<br><br>Plaintiff(s),<br><br>Vs.<br><br>AMERICA'S SERVICING COMPANY,  Aurora Loan Services LLC,  Aurora Loan Services LLC,  Aurora Loan Services LLC, Homecomings Financial, LLC and National City Bank,  EMC Mortgage Corporation,  ETS ServicesLLC,  First American Title Insurance- First American Loanstar Trustee Services,  Home Capital Funding,  Home Commings Financial,  Homecomings Financial, LLC f/k/a Homecomings Financial Network, Inc, HSBC Bank USA National Association as Trustee for Home Equity Loan Trust Series Ace 2005-HE7, Mandalay Mortgage LLC,  MERS,  National City Bank, National City Bank,  Quality Loan Service Corp, Residential Services Validated Publications,  RSVP Foreclosures,  RSVP Foreclosures,  U.S. Bancorp, U.S. Bank National Association As Trustee<br><br>Defendant(s). | Case No.: 2:08-bk-16921-ER<br><br>Adversary No.: 2:08-ap-01756-ER<br><br>Chapter: 7<br><br>ORDER GRANTING DEFENDANT FIRST AMERICAN LOANSTAR TRUSTEE SERVICES' MOTION TO DISMISS FIRST AMENDED VERIFIED COMPLAINT<br><br><br>Date:    December 8, 2009<br>Time:    10:00 a.m.<br>Location:  Courtroom 1568<br>            255 E. Temple St.<br>            Los Angeles, CA  90012 |

On December 8, 2009, the Court held a hearing on Defendant First American Loanstar Trustee Services' Motion to Dismiss First Amended Verified Complaint ("Motion").  Appearances were as set forth on the record.   After consideration of the pleadings filed with the Court and the arguments made at the hearing, the Court HEREBY GRANTS the Motion for the reasons set forth fully in the tentative ruling, a copy of which is attached hereto as Attachment 1.

IT IS SO ORDERED.

###

DATED: December 18, 2009

_____
United States Bankruptcy Judge

ATTACHMENT 1

For the reasons set forth below, the motion is GRANTED.

ANALYSIS [1]

Federal Rule of Civil Procedure 12 is made applicable to bankruptcy proceedings by Bankruptcy Rule 7012(b), and provides in relevant part:

> (b) How to Present Defenses. Every defense . . . to a claim for relief in any pleading, . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . .
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. . . .
>
> (c) **Motion for Judgment on the Pleadings.** After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings.
>
> (d) **Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

In the instant case, since Loanstar filed an answer to the Amended Complaint, the Court shall treat the Motion as one for judgment on the pleadings pursuant to Rule 12(c). Dent v. Cox Communications Las Vegas, Inc., 502 F.3d 1141, 1143 (9th Cir. 2007). In reviewing a motion for judgment on the pleadings, the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Fleming v. Pickard, 581 F.3d 922, 295 (9th Cir. 2009). A court may consider matters which it make take judicial notice of without converting a Rule 12(c) motion into one for summary judgment. Heliotrope Genera, Inc. V. Ford Motor Co., 189 F.3d 971, 981 (9th Cir. 1999).

In the instant case, it is undisputed that Loanstar is the foreclosure trustee for HSBC with respect to the Greenbriar Property. The Amended Complaint repeatedly references Loanstar in this capacity and Loanstar admits to this in its Answer at pages 2-3. In addition, there are no claims in the Amended Complaint alleging specific wrongdoing on the part of Loanstar; its liability appears dependent on and derives from the liability of HSBC. The Court takes judicial notice of its Memorandum of Decision Re Motions to Dismiss Filed by HSBC, Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. dba American's Servicing Company, U.S. Bank and RSVP Foreclosures entered on 6/4/09 ("Decision") in which it has already determined that:

1. Debtor's TILA claim against HSBC fail due to Debtor's inability to tender the amounts loaned. Decision at 7-9.
2. Debtor's fraud claims against HSBC fail because the Court takes judicial notice of the assignment of the deed of trust attached to HSBC's motion for relief from stay, which evidences HSBC's interest in the Greenbriar Property. Decision at 10.

Based on the foregoing, the Court dismissed HSBC from this adversary proceeding. Consequently, the Court is precluded from revisiting these issues with respect to Loanstar under the law of the case doctrine. In re Hettick, 413 B.R. 733, 772 (Bankr. D.Mont. 2009) (citations omitted) ("Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case. For law of the case to apply the issue in question must have been decided explicitly or by necessary implication in the previous disposition, and law of the case acts as a bar only when the issue in question was actually considered and decided by the first court."). Loanstar is entitled to judgment as a matter of law.

Debtor's arguments in the Opposition do not change this conclusion. First of all, the Motion is not moot. The OSC did not require motions to dismiss to be filed by 9/23/09, and it did not state that if a party failed to file such a motion by that date, such motion would be forever barred. Rather, the OSC only set the following: (1) a deadline by which Loanstar was to file a response explaining why it did not have to file a motion to dismiss and (2) a hearing date for the OSC of 9/23/09.

In addition, the Court cannot vacate the orders entered on 6/4/09 dismissing "HSBC, ASC, U.S. Bank, RSVP, Homecomings, Aurora, [and] National City Bank." These orders are on appeal before the Ninth Circuit Bankruptcy Appellate Panel. With respect to the orders entered on 11/13/09 which

dismissed EMC Mortgage Corporation, Home Capital Funding and Mortgage Electronic Registration System, Inc., the Court has already denied motions for reconsideration filed by Debtor.

Based on the foregoing, the Motion for judgment on the pleadings is GRANTED.

END NOTES:

1.  Although Loanstar does not identify the property for which it is the foreclosure trustee, the Amended Complaint associates Loanstar with HSBC and the real property located at 1605 Greenbriar Lane, Brea, CA ("Greenbriar Property").  In addition, Loanstar admits to this in its Answer at pages 2-3.

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4**) **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ORDER GRANTING DEFENDANT FIRST AMERICAN LOANSTAR TRUSTEE SERVICES' MOTION TO DISMISS FIRST AMENDED VERIFIED COMPLAINT was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of December 17, 2009, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Ellen Cha    echa@piteduncan.com, ecfcacb@piteduncan.com
- Thomas J Holthus    bknotice@mccarthyholthus.com
- Brian A Paino    ecfcacb@piteduncan.com
- Matthew E Podmenik    lrodriguez@mccarthyholthus.com
- Spencer P Scheer    sscheer@scheerlawgroup.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Darlene C Vigil    darlenev@bdftw.com, cdcaecf@bdftw.com
- S Christopher Yoo    cyoo@adornoca.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Edgart Gonzalez
407 W. Imperial Hwy #H343
Brea, CA  92821

Jerome Edelman
17671 Irvine Blvd Ste 220
Tustin, CA 92780

T Robert Finlay
4665 Mc Arthur Ct Ste 280
Newport Beach, CA 92660