FILED & ENTERED

JAN 26 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>  EDGART F. GONZALEZ,<br><br>                    Debtor. | Case No. LA 08-16921 ER<br><br>Chapter 7 |
| EDGART F. GONZALEZ,<br><br>                    Plaintiff,<br>        v.<br><br>HSBC BANK USA NATIONAL ASSOC. AS TRUSTEE FOR HOME EQUITY LOAN TRUST SERIES ACE 2005-HE7, AMERICA'S SERVICING COMPANY, AURORA LOAN SERVICES LLC, EMC MORTGAGE CORP., HOME CAPITAL FUNDING, U.S. BANK NATIONAL ASSOC. AS TRUSTEE, HOMECOMINGS FINANCIAL, MANDALAY MORTGAGE LLC, NATIONAL CITY BANK, FIRST AMERICAN TITLE INSURANCE – FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, QUALITY LOAN SERVICE CORP., ETS SERVICES LLC, RSVP FORECLOSURES,<br><br>                    Defendants. | Adv. No. 08-01756 ER<br><br>MEMORANDUM OF DECISION RE: MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) FILED BY QUALITY LOAN SERVICE CORP.<br><br>Date:     December 15, 2009<br>Time:     10:00 a.m.<br>Place:    Courtroom 1568<br>          255 E. Temple St.<br>          Los Angeles, CA 90012 |

   On December 15, 2009, the Court held a hearing on the Motion to
Dismiss Pursuant to Rule 12(b)(6) ("Motion") filed by Quality Loan Service

- 1

Corp. ("Defendant").  Roshni Patel, Esq. appeared in person on behalf of Defendant and Debtor appeared by telephone on his own behalf.  Prior to the hearing, the Court issued a tentative ruling ("Tentative") which granted the Motion on the ground that Defendant's liability was dependent upon that of EMC Mortgage Corporation ("EMC").  Since the Court had already denied a motion for default judgment against EMC and dismissed EMC from this action, there was no basis for relief against Defendant.  The Tentative further noted that the Court had also denied Debtor's request to reconsider the denial of the default judgment against EMC. A copy of the Tentative is appended hereto as Attachment A.

At the hearing, Debtor argued that Defendant and EMC do not have authority or standing to foreclose presumably on real property located at 80 Terra Vista, Dana Point, CA ("Property"), because Defendant had not been formally substituted in as the foreclosure trustee.  Debtor also made some assertions with respect to Mortgage Electronic Registration System ("MERS"). Although unclear, it appears that Debtor argued that MERS has no rights with respect to the Property because MERS is not the holder in due course. Therefore, Defendant's reliance on some unidentified assignment from MERS was presumably improper.

The foregoing does not change the Court's Tentative.  As noted by the Court at the hearing, the issue currently before it is whether this adversary proceeding against Defendant should be dismissed, not whether Defendant and/or EMC have some sort of standing with respect to the Property.  As noted above, the Court has already dismissed EMC from this action and denied Debtor's request to reconsider the denial of the default judgment against EMC.  Since Defendant's liability herein derives from EMC, Defendant shall be dismissed as well.

In his opposition to the Motion, Debtor also requested that the orders

- 2 -

dismissing certain defendants from this adversary proceeding entered on June 4, 2009 ("Orders") be vacated.  It appears that Debtor's position is that if the Orders are vacated, the basis for dismissal of EMC and ultimately Defendant would be eliminated. The Tentative noted that these Orders were on appeal and the Court, therefore, could not vacate them.  Since the hearing, the Ninth Circuit Bankruptcy Appellate Panel has dismissed Debtor's appeal. Notwithstanding, the Court's review of Debtor's arguments in his opposition indicates that there is no basis to vacate the Orders.

Based on the foregoing and the discussion in the Tentative, the Court grants the Motion.

###

DATED: January 26, 2010

_____
United States Bankruptcy Judge

- 3 -

ATTACHMENT A

Federal Rule of Civil Procedure 12 is made applicable to bankruptcy proceedings by Bankruptcy Rule 7012(b), and provides in relevant part:

> (b) **How to Present Defenses.** Every defense . . . to a claim for relief in any pleading, . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . .
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. . . .

In the instant case, it is undisputed that Quality is the foreclosure trustee for EMC Mortgage Corporation ("EMC") and its nominee Mortgage Electronic Registration Systems, Inc. ("MERS") with respect to property located at 80 Terra Vista, Dana Point, CA ("Dana Point Property"). See Amended Complaint at 13. The Amended Complaint repeatedly references Quality in this capacity and there are no claims in the Amended Complaint alleging specific wrongdoing on the part of Quality. In short, Quality's liability, if any, appears dependent on and derives from the liability of EMC.

The Court has already denied Debtor's request for a default judgment against EMC. The Court takes judicial notice of the Memorandum of Decision Re Motions for Default Judgments entered on 11/12/09 and the order thereon with respect to EMC entered on 11/13/09. The order also dismissed EMC from this adversary proceeding. The basis for the denial was that EMC was "similarly situated" to those defendants which the Court had already dismissed pursuant to orders entered on 6/4/09; therefore, it would be unfair and incongruous for the Court to find liability on the part of EMC. Moreover, the Court has also denied Debtor's request to reconsider the denial of a default judgment against EMC pursuant to an order entered on 12/7/09. Since the Court has dismissed the defendant (EMC) upon which Quality's liability, if any, depends, there is no basis for relief against Quality as well.

Debtor's arguments in the Opposition do not change this conclusion. First of all, the Motion is not moot. The OSC did not require motions to dismiss to be filed by 9/23/09, and it did not state that if a party failed to file such a motion by that date, such motion would be forever barred. Rather, the OSC only set the following: (1) a deadline by which Quality was to file a response explaining why it did not have to file a motion to dismiss and (2) a hearing date for the OSC of 9/23/09.

In addition, the Court cannot vacate the orders entered on 6/4/09 dismissing "HSBC, ASC, U.S. Bank, RSVP, Homecomings, Aurora, [and] National City Bank." These orders are on appeal before the Ninth Circuit Bankruptcy Appellate Panel.

Based on the foregoing, the Motion is granted.

No appearance is required if submitting on the court's tentative ruling. If submitting on the tentative, please contact the judge's law clerks, Brittany Salter or Helene Kaya at 213-894-1522. Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required and Applicant will be so notified.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) MEMORANDUM OF DECISION RE: MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) FILED BY QUALITY LOAN SERVICE CORP. was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of January 25, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Ellen Cha    echa@piteduncan.com, ecfcacb@piteduncan.com
- Thomas J Holthus    bknotice@mccarthyholthus.com
- Brian A Paino    ecfcacb@piteduncan.com
- Matthew E Podmenik    lrodriguez@mccarthyholthus.com
- Spencer P Scheer    sscheer@scheerlawgroup.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Darlene C Vigil    CDCAECF@bdftw.com
- S Christopher Yoo    cyoo@adornoca.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

```
Jerome Edelman
Law Office of Jerome Edelman
17671 Irvine Blvd Ste 220
Tustin, CA 92780

Edgart F. Gonzalez
407 West Imperial Highway, H343
Brea, CA  92821

Matthew E. Podmenik, Esq.
McCarthy & Holthus
1770 Fourth Ave.
San Diego, CA  92101
```

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page